*590
 
 RuNfin, C. J.
 

 The execution of the deed from the one Burgin to the other, at the period of its date and the justice of the debts thereby secured, are fully proved, and indeed were admitted on the hearing. The case therefore turns on the effect, which, notwithstanding the prior registration of that deed, notice, at the time it was taken, to the creditor of the previous deed, under which the plaintiffs claim, will have in postponing the last mortgage ; and whether, if any notice will have that effect, the notice in this case was sufficient. The act of 1829, Rev. Stat. c. 37, s. 24, enacts, that no deed of trust or mortgage shall be valid at law to pass any property, as against creditors, or purchasers for a valuable consideration, but from the registration of such deed. — . The act, therefore, takes away the relation of the deed to the period ot its execution, which arose under the former statutes upon its registration in due time, by declaring that it shall be valid, 11 but from the registration.” We have a strong impression, also, that the Legislature intended to make the registration indispensable to the operation of the deed in all instances, not merely as a ceremony requisite in point of formality to make it evidence, but as entering into the constitution of the deed, as an instrument set up against a creditor or purchaser from the mortgagor. The policy of the register acts is, first
 
 to
 
 give
 
 notice
 
 of conveyances and in-cumbrances,.and, secondly, to exclude the necessity of parol proof upon the question, whether another person had or had not notice. It was well known to the Legislature, that, notwithstanding the former legal provisions on this subject, it had become a rule of the Court of Equity, that notice of a prior unregistered incumbrance, which notice might be proved by parol, would give relief against a subsequent deed, first registered ; and, consequently, that many persons kept their incumbrances in their pockets, and registered them only when they wished to use them, as they might do from the length of time allowed in the register acts, and in those giving further time for that purpose. From this practice many evils arose, as there might be vague rumours of in-cumbrances, of which there was no means of knowing the
 
 *591
 
 particulars. To remedy them, the Legislature first passed the act of 1820, requiring mortgages and deeds of trust to be registered within six months, and enacting, that if not so registered, they should be held, as against creditors and purchasers, utterly null and void. Then followed the act of 1829, whereby the Legislature, not content that there should be any delay in registering, destroys all relation of the deed, and says it shall not operate until, or “ but from” its registration. It would seem that the Legislatifre could not more emphatically declare, that the fact of registration was requisite to perfecting the deed as against the protected persons, aud that nothing should supply the place of it as against those persons. There is a constant suspicion of those • instruments discovered, as pervading all our legislation concerning them, and in the acts, subsequently passed, to give further time for registering conveyances, deeds of trust and mortgages are uniformly excepted. We doubt not, that fraud would take a case out of this act, as out of any other intended for the protection of particular persons. We mean a fraud committed by one in being the cause, why the deed of another was not registered; for he, who prevents an act from being done, ought not to insist upon an advantage from its not having been done. But it is so easy to register a deed of trust or mortgage under the act of 1829, which allows it to be proved in the Clerk’s office and makes the delivery to the register registration,
 
 McKennon
 
 v McLean, 2 Dev. & Bat. 79, that it must be deemed the most gross negligence to omit it, and so strongly argues a purpose not to let the world have that exact knowledge of its contents, which the law intended, as justly to raise a presumption that the deed never was relied on as a security, or that it had been abandoned. No stress can be laid on the expression in the act “ valid at law,” as recognizing a validity in equity or as intentionally leaving it to a Court of Equity to support the deed without registration, inasmuch-as the Legislature could not suppose a Court of Equity would defeat the policy of a statute by construction, more than a Court of Law would, and, moreover “ at law” is not an expression,
 
 *592
 
 which, in a statute, signifies merely a legal tribunal, as dis-Anguished from an equitable jurisdiction, but generally, our system of jurisprudence, whether legal or equitable. From the policy which, certainly, dictated the act, and the peculiar provisions of it, the Court is forcibly led to conclude that registration is an essential ingredient in a mortgage or .deed of trust to make it that instrument or constitute it a deed or security, as against a creditor or purchaser.
 

 But if it were otherwise, and we do not find it necessary in this case to say, positively, that it is not, we hold, that though notice may deprive a subsequent purchaser of the protection of the act, yet the notice here is not sufficient for that purpose. Loud Hardwick, in
 
 Leneve
 
 v
 
 Leneve,
 
 3 Atk. 646, laid down the rule, which has been since followed, that notice of an existing unregistered deed'bound'one, who took a subsequent one and first registered it. That, certainly, tended to subvert the register acts, as allowing parol evidence to shew that knowledge of the deed
 
 in jiais,
 
 which could be derived from the registration, and it would effectually subvert them, if, as in ordinary cases of notice of a prior equity, a notice of any thing, that would lead to en-quiry, were held to be sufficient notice. Fortunately a case came before the same great Judge,which called for his opinion on that point..
 
 Hine
 
 v
 
 Dodd, 2
 
 Atk. 275. In it he informs us, that as the act of parliament was positive and made to prevent perjury from contrariety of evidence, he coqld not overturn the act upon suspicion oí notice, though a strong suspicion, but only for apparent fraud. He says, the only cases that had been decided, were cases of fraud, though he adds, that possibly, there may have been others upon notice, divested of fraud, but then, the proof must be extremely clear. He, therefore, qualifies the rule, that fraud is necessary, by the expression, “or clear and undoubted notice:” which can mean no less than a full knowledge of the contents of the deed, and that the person omitted to register it merely from inattention or inability, and not because he has abandoned it and does not mean to register it at all. For in that case, though his Lordship declared, “the answer loose,”
 
 *593
 
 and that there were strong circumstances of notice, he yet dismissed the bill upon that part of the case. That the doctrine of that case is correctly understood-, as here represented, is, we think, clearly to be collected from what has been-said in subsequent cases, after the subject had been long and thoroughly considered. In
 
 Wyatt
 
 v
 
 Barwell,
 
 19 Ves. 435,-the Master of the Rolls, after mentioning the doubts entertained of the propriety of having suffered the question of notice to be agitated- against one, who had registered his deedj, proceeds to state what he considered thé rule thus: The courts have said, we cannot permit fraud to prevail, and it shall only be in cases, where the notice is so
 
 dearly, proved as to make it fraudulent,
 
 in the purchaser to take and register a conveyance in prejudice of the known title of another^ that we will suffer the registered deed to be affected-. Even-with that limitation, bethought the efficacy of the register acts considerably lessened, as no one ca.n tell what may truely or falsely be given in evidence, or what may be the-effect of the evidence in the mind of the Judge. But finally he concludes by saying, that it is only by
 
 actual
 
 notice,.
 
 dearly
 
 proved, that- a registered conveyance can be post-' poned; and that even a
 
 lispendens
 
 will not amount to notice for that purpose. Again, in the previous case of
 
 Jolland
 
 v Stainbridge, 3 Ves. Jr. 478, the regret is expressed, that the statute had been broken in upon by parol evidence,, and the satisfaction of the Judge, that Loud Hardwjckis, as he understood him, had in
 
 Hiñe
 
 v
 
 Dodd
 
 said, that “nothing short of actual fraud would do.” And what the -master of the rolls deemed fraud in this case, we cannot misunderstand, when we find him saying, “ it is clear, that it must be satisfactorily proved, that the person-, who registers the sub-' sequent deed,
 
 must have known exactly
 
 the situation of the-persons having the prior deed, and,
 
 knowing
 
 that, registered
 
 in order to defraud
 
 them of that title he knew at the* time was in them.” These cases leave no-doubt of the kind of notice or fraud on the prior encumbrance, which will reinstate him in his preference. It is called-sometimes “ actual notice” to be clearly proved, and sometimes,. “ exact
 
 *594
 
 knowledge” of the situation of the parties. From which it should seem to follow, that such notice of the contents of the instrument, as to the subject and purposes of the conveyance and of the intention to rely on it as a conveyance, must substantially reach the party
 
 in
 
 pais, as would be derived upon those points from the registry itself. We do not mean, that information precisely correct, as to every thing conveyed or as to the amount of each debt secured, would be necessary to give any effect to the deed, but that, at most, jt could only beset up against the subsequent purchaser for such purposes, as it was distinctly represented to him as intended to effect and effecting, and that such representations must at least be true as far as they go and convey semething like the real contents of the instrument. Without information to that extent, there can be no imputation of fraud
 
 by
 
 taking a deed in order to defeat the former one.
 

 We think this case wholly wanting in evidence of a notice of that character. The plaintiffs have given no evidence upon the subject, but that contained in the answer.^— On the other hand, the defendant, B. Burgin, sen’r. proves by the subscribing witnesses to his deed, that, when it was executed, the grantor informed those persons and B. Burgin, Sen’r., that he had made the deed to Fleming in Charleston, but that it was not intended to operate, except to keep his creditors in Charleston easy until he could get away, and that it was agreed between Fleming and himself, that the former should surrender the deed and not have'it registered. Now, that representation may be true or false, withouf, in either case, impeaching the fairness of the conduct of the party in taking the subsequent deed. There is some reason to believe, that it may be true, from the evasive and unsatisfactory answer of one of the subscribing witnesses to the plaintiff’s deed, as to an understanding of that sort. But, undoubtedly, the second mortgagee had reason to believe it true, not only because he was so informed by the party to the deed, but also because he knew that another subscribing witness to the plaintiff’s deed lived in Burke and returned to that county with B. Burgin, Jr. and that the plaintiff might
 
 *595
 
 have sent the deed by him and had it proved and registered, but did not. And it is remarkable too, that the plaintiff has not examined that witness to repel, if he could, the allegation, that it never was intended by him to register or set up his deed. But admitting the fact to be, that he did intend to claim under the deed, it cannot affect the second mortgagee, since he was not informed of that intention, hut was told directly the reverse, and had no reason to disbelieve his information, but swears, that he did believe it, and took his deed under that belief, and of course, not “ in order to defraud” the plaintiffs, but merely to secure his own debt. If any state of information respecting the intended or even actual destruction of a deed, of which a rumour of the existence at one time has reached a party, will excuse one for taking a conveyance of the same property, it would seem that this should.
 

 So far, therefore, as the bill seeks to have the deed to B. Burgin Sen. declared fraudulent and void, as not having been given for a just debt and with intent to’ delay creditors, and so far as it seeks relief by having the mortgage to the defendant B. Burgin, Sen’r. postponed in favor of the assignment to Fleming, it must be dismissed with costs.
 

 But as the property conveyed to the defendant may more than suffice to discharge his debt, so as to leave a surplus for the plaintiff, there must be, if they choose, a reference to take an account of the defendant’s mortgage debt and of the sum now due thereon, upon payment of which the plaintiffs may have an assignment of the mortgage, or such other relief as may seem proper upon a motion for further directions, 'upon the coming in of the report.
 

 PsR. CujRIAM. .Decree accordingly..