PEARSON, J.
 

 In 1849, William Bullock executed a mortgage to James, one of the lessors, for the land in controversy. This deed was never registered, and is lost. In 1850, Bullock executed a deed for the same land to the defendant, his father, without valuable consideration, which deed was duly registered. The plaintiff read in evidence a deed executed by William Bullock to the lessor, James, in 1852, which purports to be a substitute for the mortgage of 1849, and the subscribing witness swore that it was
 
 substantially a copy.
 

 His Honor was of opinion that the plaintiff could not recover, we suppose, on the ground that the mortgage was inoperative for want of registration j and for that reason secondary evidence of its contents was not admissible, and could not, if admissible, hate the effect of showing title in the lessor.
 

 The defendant being a volunteer, stands in the place Of his donor ; so the only question is, does the law require a mortgage
 
 *285
 
 to be registered as between the parties? This depends npon the' construction of the 1st, 23rd and 24th sections of 37th chapter,Rev. Statutes.
 

 The Act of 1715, ch. 7, sec. 1, provides : — “no conveyance or bill of sale for land (other than mortgages) shall be ” valid, unless proven and registered in' twelve months after date. Sec. 7 provides : — “ every mortgage of lands which shall be
 
 first
 
 registered, shall be deemed the
 
 first
 
 morgage, and shall be valid nob-withstanding any former mortgage, unless such prior mortgage shall be registered within fifty days after date.”
 

 The Act of 1820 provides : — “ no mortgage or deed of trust for any estate, whether real or personal, shall be good and available in law against
 
 creditors and purchasers for valuable
 
 consideration, unless the same shall have been proved and registered in the manner prescribed by law in the case of deeds (other than mortgages) within six months after its execution. But all mortgáges, not so proved and registered within the time aforesaid, shall be taken,
 
 as against
 
 such creditors and purchasers, as utterly nidi and void. ”
 

 The Act of 1829 provides : — “no mortgage or deed of trust shall be valid at law to pass any property,
 
 as against
 
 creditors and purchasers for valuable consideration, but from the registration of such mortgage or deed of trust.”
 

 Many statutes have been passed, giving further time for registering grants, deeds, cfcc.; but-all have-an- express exception in reference to mortgages and deeds of trust.
 

 The Revised Statutes, ch. 37, by the 1st section, re-enacts the 1st section of the Act of 1715 ; by the 23rd section, the Act of 1820 ; and by the 24th section, the Act of 1829 — the 7th section, of the Act of 1715 being superseded by those two last sections in -regard to mortgages.
 

 What is there in this statute that makes it necessary to register a mortgage or deed of trust, as between the parties? The 1st section expressly excludes them from its operation ; and the 23rd and 24th expressly require registration only as against creditors and purchasers.
 

 That registration of mortgages and deeds of trust was not required, as between the'parties by the Act of 1715, is settled.
 
 Pike
 
 v. Armstead, 1 Dev. Eq. 110. Judge Taylor says=
 
 *286
 

 “
 
 The first question arises on the Act of 1715 relative to mortgages. A mortgage is valid between the parties, although no registration be had, as well from the words of the Act, as the uniform construction of it.” This construction is certainly not changed by the Acts of 1820 and ’29, the operation of which, as has been seen, is restricted to creditors and purchasers.
 

 Again : if, as between the parties, a mortgage must be registered, within what time ? The only time with reference to mortgages and deeds of trust is six months from the execution. If this time is fixed on as between the parties, inasmuch as the several statutes extending the time for the registration of deeds exclude mortgages, the consequence is, that as between the parties, mortgages and deeds of trust must be registered in the very same time, as is required as against creditors and purchasers. This would be a strange result, considering the extreme pains taken in the 23rd section to confine the effect of a want of registration to creditors and purchasers, by first providing that no mortgage, unless registered, shall be good as to them, and repeating
 
 “
 
 all mortgages, not so registered, shall be utterly null and void as to creditors and purchasers.”
 

 It was supposed by the makers of the Act of 1715, that the provision of the 7th section, by which prior mortgages, unless registered in fifty days, are postponed to subsequent mortgages first registered, would cause all mortgagees to use due diligence. But after it was decided that equity would prevent a mortgagee who had registered, from taking advantage of that fact against a prior mortgagee who had not registered,
 
 upon proof of notice,
 
 this section was found not to answer the purpose. As. a remedy, the Act of 1820 was passed. That changes the time from fifty days to six months, and provides that a mortgage, not registered within time, shall not be good and available, but shall be null and void as against creditors and purchasers. It was found that mortgagees still would not register at once, but would hold back until nearly the end of the six months, in order to favor the debtor. As a remedy, the Act of 1829 was passed, which provides that no mortgage shall be valid, as against creditors and purchasers, but from the time of registration. The result of this is, that no mortgage has any effect, even if registered in six months, except
 
 *287
 
 from the time of registration. This produced the requisite degree of diligence, and makes any provision requiring the registration of mortgages, as between the parties, a matter of supererogation ; for the mortgagee is
 
 now sure to have it registered in due time.
 
 This is proven by the fact that while there have been many cases before this Court to decide which mortgage was
 
 registeredfirst,
 
 the present is the only case in which it has become necessary to decide what is the effect of the mortgage not being registered at all, as between the parties ; and even this case is the result of accident, the loss of the deed.
 

 Per Curiam. Nonsuit set aside, and
 
 venire de'novo
 
 awarded.