DANIEL B. ROBINSON *vs.* WILLIS J. WILLOUGHBY.

Where a complaint demanded judgment for the possession of land under a deed absolute on its face, which was subsequently decided upon appeal to this Court to be a mortgage, and a *venire de novo* on that ground was ordered: *Held*, that the Superior Court had power (under C. C. P., sec. 132) when the case came on for trial again, to allow an amendment of the complaint, so as to demand judgment for a foreclosure of the mortgage.

When the Superior Court has power to amend, the question of costs is entirely in its discretion.

[*Bullard* v. *Johnson et al.*, 65 N. C. 436, cited and approved.]

Motion to amend complaint made and heard before *Buxton, J.*, at Spring Term, 1872, of the Superior Court of UNION.

The opinion of the Court contains a sufficient statement of the points involved.

The defendant insisted that his Honor had no power to grant leave to amend; and that if leave were granted, terms must be imposed. His Honor allowed the motion without costs, and the defendant appealed.

*J. H. Wilson* for the plaintiff.
*Battle & Son* for the defendant.

BOYDEN, J. This is the same case that was before the Court at June Term, 1871, 65, N. C. R. 520, in which it was decided that the deed from Christenbury, under whom both parties claimed title, was a mortgage, and not an absolute sale, as claimed by the plaintiff; and upon that ground, a new trial was granted. When the case came on for trial again, in the Court below, the plaintiff moved for leave to amend, by changing his action for the recovery of the land into one for the foreclosure of the mortgage. The motion was allowed, and the defendant appealed from this decision of his Honor, insisting that his Honor had not the power to allow this

amendment. We think his Honor, under Sec. 132 C. C. P., not only possessed the discretionary power to allow this amendment, but that it was a fit case for the exercise of the power. The plaintiff had instituted his action believing, that the transaction attending the execution of his deed, taken altogether, constituted a sale, with an agreement for a resale, and his Honor on the trial below so decided; but this Court reversed the decision of his Honor, and declared that, looking at the whole transaction, it constituted a mortgage, and not a sale with an agreement for a re-sale.

The object of the action, in its original form, was to ascertain the plaintiff's rights growing out of the transaction attending the execution of the deed, and this is the very object to be ascertained in the action as amended.

This Court, in the case of *Bullard* v. *Johnson and Thomason*, 65 N. C. R. 436, has already, substantially, decided the question raised in this case. In that case, his Honor, the Chief Justice, in delivering the opinion of the Court, says, speaking of the 132 sec. C. C. P., " This provision and numerous others, of the C. C. P., show that its purpose is to prevent actions from being defeated on grounds that do not affect the merits of the controversy, whenever it can be done by amendment, the prevailing idea being to settle controversies by one action, and thereby prevent the loss of the labor and money expended in that action, and the necessity for incurring like labor and expense in a second." This Court regards these provisions of the Code among the most important it contains, and we are inclined to give them their full operation, by a liberal construction ; so as to let one action settle all the questions growing out of the same transaction, whenever it can be done.

The question of the payment of costs was for his Honor below, and is not the subject of review in this Court.

There is no error. This will be certified, &c.

PER CURIAM. Judgment affirmed.