The case, as transmitted to this Court, states, that after the amendment of the pleadings heretofore allowed, and approved by this Court, in the same case, 67 N.C. 84, changing the original suit from an action *Page 295 
for the recovery of real property, into an action to foreclose, c., and D. R. Christenbury, the original owner of the land, (under whom, both Robinson and Willoughby make claim by different conveyances,) having been made a party defendant, although he filed no answer, the cause came on to be tried, upon the following issues.
1. Did the defendant Willoughby, before taking his deed from Christenbury, have notice, that Christenbury had previously conveyed the land in controversy to the plaintiff? (359)
2. Did the defendant purchase the land bona fide, for a valuable consideration?
3. Did the plaintiff assent to the sale of the land by Christenbury to the defendant, Willoughby?
The deed from Christenbury to the plaintiff, was in form an absolute fee simple deed of bargain and sale, reciting a consideration of three hundred and ten dollars; it was dated, 25th December, 1865, proved, 8th January, 1869, and registered 8th February, 1869, for 52 acres of land. Contemporaneously with the execution of this deed, Christenbury also executed a note of hand, payable to the plaintiff, in the sum of $310, in specie or its equivalent, on or before the 25th December, 1867, with interest from date, — this note being given in renewal and consolidation of previous indebtedness from Christenbury to the plaintiff; and at the same time the plaintiff executed and delivered to Christenbury a penal bond in the sum of $620, conditioned to make Christenbury a title to the land, upon payment of the sum of $310, with interest, secured by said note. The papers were all drawn by one Stillwell, who managed the transaction for the parties. The bond for title is still in the possession of Christenbury, and has never been registered; and the note for $310, is still in the possession of Robinson, and no part thereof has been paid. It evidences the consideration of the deed.
The deed from Christenbury to the defendant, Willoughby, was a deed of similar character, for the same land, reciting a consideration of five hundred dollars; it was dated, 17th January, 1867, proved 24th April, 1867, and registered 3d June, 1867. The defendant, Willoughby, is in possession of the property — Christenbury having surrendered it to him, upon receiving in exchange another tract of land, estimated at $500, in South Carolina.
For the plaintiff, upon the first issue submitted in regard to notice one Sam. Yandle testified:
That in 1866, he rented the land, the subject of the present controversy, from Christenbury, who offered to sell it to him; that he declined to purchase, having ascertained, as he thought, that (360) the right to the land was held by the plaintiff, Robinson. In the *Page 296 
Fall of 1866, he, the witness, met Willoughby, the defendant, on the Court House steps, in Monroe, and asked him, "if he had finished his land trade with Christenbury?" Willoughby replied, "that he had not;" whereupon, he asked him, "if he knew he was buying a law suit, if he bought that land?" To which, Willoughby answered, that "he did not know that." Witness then told him, that he had understood, that the land belonged to Robinson. Willoughby said, that he would inquire into it, and if it was as the witness understood, that "he would call off the dogs, and having nothing more to do with it."
Upon his cross-examination, this witness testified: That this conversation with Willoughby, was at the Fall Court, 1866; that he was standing on the steps of the Court House, with his brother, Enoch Yandle, when Willoughby walked up. Witness had heard that he, W., was on a trade for the land, sometime that Summer; thinks it was Christenbury gave him the information, but is not certain. The land is some 12 or 13 miles from the present residence of Willoughby. The year witness rented the land, Christenbury had no settled home, but was engaged in mining, he thinks, and was "flying about." Witness did not say, in his direct examination, to Willoughby, "You have bought a law suit," but asked, if he, (Willoughby,) knew he was buying a law suit? Witness was acquainted with Willoughby before this, and had spoken to him before this conversation occurred; witness informed Willoughby of this, because he "Christenbury was such a rascal," and he did not want him, W., to be taken in. Witness did not remember any conversation with Willoughby in the Fall of 1867, may have had one nevertheless; can't say when Willoughby took possession of the place.
Direct examination resumed, when the witness further testified:
"That Christenbury offered to sell him the land while he had (361) possession of it as tenant; that he inquired into the title, and was informed by Stillwell, who had drawn the writings, that the title was in Robinson, the plaintiff.
Enoch Yandle, a witness for plaintiff, was called and corroborated the statements of the foregoing witness.
Willoughby, one of the defendants was examined for the defense, and denied having any notice or information of the claim of the plaintiff, until after he had obtained his own conveyance from Christenbury. In relation to the conversation with Yandle, he testified, that the Yandles were mistaken, both as to the time it occurred, and to the purport of what was said.
The defendant's counsel, the evidence being closed, insisted, that the mortgage of the plaintiff was void as against the defendant, a *Page 297 
subsequent purchaser, for want of registration, and that too, irrespective of the question of notice, there being no saving of that sort in the Statute cited and relied upon. Rev. Code, chap. 37, sec. 22, (Act of 1829.) His Honor ruled, that under the adjudication of our Courts, notice would supply the place of registration, as against a subsequent purchaser.
Defendant excepted.
As to notice, the defendant's counsel asked his Honor to charge the jury, that the notice required to supply the place of registration, in a case like the present, was "such notice of the contents of the instrument, as to the subject and purpose of the conveyance and of the intention to rely on it as a conveyance, substantially reaching the party in pais, as would be derived upon those points from the registry itself," and that taking the evidence of the Yandles to be true, it was not sufficient to prove the required notice.
His Honor declined so to charge, and instructed the jury, that a more recent definition of the notice required in a case like the present, was "such information as would put a man of ordinary prudence on his guard and cause him to inquire;" and that it was for them to determine, from the evidence, whether Willoughby, before taking his deed from Christenbury, had notice that Christenbury had previously conveyed the land in controversy to the plaintiff.
Defendant again excepted. (362)
The jury having found the second issue in favor of the defendant, his counsel thereupon moved for judgment in his favor, dismissing the suit, and for costs, notwithstanding the jury had found the first and third issues in favor of the plaintiff; motion refused by the Court, and defendant again excepted.
Motion for a new trial, for alleged errors in the charge of his Honor, and for refusing judgment, c. Motion overruled. Judgment in favor of plaintiff; appeal by defendant.
I. Our Act of Assembly, Bat. Rev. ch. 35, sec. 12, (Rev. Code, chap. 37, sec. 22,) expressly says, "that mortgages, c." shall be void, c., as against subsequent purchasers for valuable consideration, from donor, bargainor, c., but from its registration.
The words plainly exclude the question of notice to the creditor or purchaser, from the case; and if the several Acts on the subject of registration of mortgages, c., are examined, without reference to precedents, it will clearly appear that their policy is, that registration
is the *Page 298 
notice intended to affect creditors and subsequent purchasers; and that parol proof of notice should not be admitted. Compare Acts of 1715, 1820 and 1829.
Our Courts have interpreted these acts accordingly. Fleming v. Burgin,37 N.C. 584; Leggett v. Bullock, 44 N.C. 283.
II. (1.) The Judge below erred in his definition of notice, as applicable to such cases as this. Notice, (if registration be not the only proper notice,) here would have to be full knowledge, so that the subsequent purchaser would be deemed by the Court as taking his deed to defraud the mortgagee. He must have such knowledge as the registry itself would give. Fleming v. Burgin, supra, and the English cases therein cited.
(363) (2.) Such notice differs materially from the technical notice applicable to an equity claimed by a party, as against a purchaser, who had some information about it, at the time of purchase:e. g. when A purchases with B's money, takes deed in his own name, and then sells to C, who has reason to believe B furnished the money to A, c.
(3.) See cases cited in Battle's Digest, under head, "Notice," vol. 3, p. 449, as to the correctness of this definition.
Leggett v. Bullock, 44 N.C. 283; Adams Eq. marg. pages 147, (369,) 167, (375,) 153, (375,) and note; Pike v. Armstead, 16 N.C. 110; Webber v.Taylor, 55 N.C. 9; Pearson v. Darrell, 22 N.C. 184; Robeson v.Willoughby, 65 N.C. 520; Same, 67 N.C. 84.
Prior to 1829, it was settled by the authority of elementary writers, and by the decisions of our own Courts, that an unregistered incumbrance would be upheld by the Courts of Equity against a subsequent registered incumbrance or conveyance with notice of the former, and that creditors and purchasers for value were affected by notice of prior equities; and that such notice might be proved by parol. And such is the law now except in regard to deeds in trust and mortgages which, though good between the parties, are void both in law and equity against creditors and purchasers for value unless and until they are registered; and then only from and after such registration.
In 1819 an Act was passed declaring that "no deed in trust or mortgage * * * shall be valid at law to pass any property as against creditors and purchasers for a valuable consideration * * * but from the registration,"c. Rev. Code, chap. 37, sec. 22. Since that Statute the *Page 299 
decisions have been uniform that deeds in trust and mortgages are of no validity whatever as against purchasers for value and creditors unless they are registered; and that they take effect only from and after registration, just as if they had been executed then (364) and there. Fleming v. Burgin, 37 N.C. 584; Leggett v. Bullock,44 N.C. 283.
It is not necessary that we should consider the other points made, as to the sufficiency of the notice; because no notice, however full or formal, will supply the want of registration.
But note, this is only in regard to deeds in trust and mortgages. In regard to other prior equities and notice, the doctrine remains as before 1829. And note also, that there is no allegation that the plaintiff was prevented from having his deed registered by the fraud of the defendant.
There is error. Venire de novo.
PER CURIAM. Judgment reversed.
Blevins v. Barker, 75 N.C. 438; Todd v. Outlaw, 79 N.C. 237; Brem v.Lockhart, 93 N.C. 195; Ijames v. Gaither, 93 N.C. 361; Weaver v. Chunn,99 N.C. 434; Hinton v. Leigh, 102 N.C. 32; Duke v. Markham, 105 N.C. 138;Long v. Crews, 113 N.C. 257; Quinnerly v. Quinnerly, 114 N.C. 148;Hooker v. Nichols, 116 N.C. 160; Bank v. Adrian, 116 N.C. 549; Bostic v.Young, 116 N.C. 770; Barrett v. Barrett, 120 N.C. 130; Blalock v. Strain,122 N.C. 285; Collins v. Davis, 132 N.C. 109; Bell v. Couch, 132 N.C. 350;Lance v. Tainter, 137 N.C. 250; Wood v. Tinsley, 138 N.C. 509; PianoCo. v. Spruill, 150 N.C. 169; Moore v. Johnson, 162 N.C. 272; King v.McRackan, 168 N.C. 624; Bank v. Cox, 171 N.C. 79; Sills v. Ford,171 N.C. 741; Mfg. Co. v. Hester, 177 N.C. 611; Cowan v. Dale,189 N.C. 687; Boyd v. Typwriter Co., 190 N.C. 788; Whitehurst v. Garrett,196 N.C. 157; Gosney v. McCullers, 202 N.C. 327; Case v. Arnold,215 N.C. 594; Finance Corp. v. Hodges, 230 N.C. 582.