## Roush, respondent, *v.* Fort, appellant.

PRACTICE — *service of amended complaint on attorney of record — taxation of costs.* This court reversed the first judgment in the action and remanded the cause for a new trial. A. filed March 15, 1876, an amended and supplemental complaint by leave of the court, and {B. was ordered to plead thereto on or before March 18, 1876. No pleading was filed by B. until December, 1876, when he moved to strike the complaint from the files, because no copy had been served on him or his attorney. C. appeared in the original action and on the hearing of the first appeal as B.'s attorney and did not withdraw his appearance. By A.'s direction, the clerk of the court tendered a copy of said complaint to C., who refused to receive it on the ground that he had ceased to be B.'s attorney. The court allowed B. to answer to the merits upon the payment of certain costs. *Held,* that A. was authorized to serve said copy on C., as B.'s

attorney, and that the refusal of C. to accept it was a waiver of B.'s right to demand it. *Held, also,* that the court, in the absence of any excuse for B.'s delay, exercised its discretion properly in taxing the costs.

PRACTICE — *filing of amended complaint after decision of this court.* By the decision of this court on the first appeal, certain issues and the rights of two plaintiffs were finally determined. These issues and parties were omitted in the amended complaint, and the character of the action was thereby changed. *Held,* that it was necessary and proper for A. to file a supplemental complaint in conformity with the decision of this court.

PRACTICE — *hearing motion against rule of court — pleading judgment satisfied of record.* B. alleged in his answer that A. was indebted to him on account of a judgment for the foreclosure of a mortgage ; that the mortgaged property had been sold by the sheriff, and the judgment was thereby satisfied; that the sale had been set aside by this court ; that the amount secured by the mortgage was unpaid, and that A. was insolvent. B. prayed that this judgment might be set off against the claim of A. for the rents and profits of said property. On A.'s motion these allegations were struck from the answer. The court heard the motion on the day it was filed and the rules prohibited this action within twenty-four hours after such filing. *Held,* that B. should have resorted to the remedy, prescribed in the Civil Practice Act, to revive said judgment, and that the judgment, while it remained so satisfied, was not a subject of set-off or counter claim in this action. *Held, also,* that the determination of the motion within twenty-four hours after the filing thereof was an irregularity by which the substantial rights of B. were not prejudiced.

JUDICIAL SALES — *proceeds when void.* On the first appeal this court decided that B. had in his hands $107.76, which should have been paid to A., if the sale of A.'s property under B.'s mortgage had been confirmed. Upon that hearing, A. maintained that the sale was void and this court so held. On the second trial, the court below affirmed the report of a referee finding that this sum with interest thereon was due from B. to A. *Held,* that A. was not entitled to any part of the proceeds of the sale in this action.

TRUSTEE — *liability for rents and profits.* Under an agreement between the parties, B. had the possession of the property mortgaged to him by A.. during the six months following November 10, 1871, and was required to pay the rents and profits upon certain accounts. Under the order of the court, the referee found that B. should pay A. $450, the value of the rents and profits during this time, which B. might or should have received as the occupant. The testimony did not show the amount that was paid to B. *Held,* that B.'s liability to A. was that of a trustee, and that he should have exercised an ordinary degree of care and diligence in the management of the property. *Held, also,* that this court cannot determine from the evidence the sum that B. received as such trustee.

OCCUPANT OF REAL PROPERTY — *liability for rents and profits.* B. deprived A. of the possession of said property by his fraudulent conduct from May 10, 1872, until February 5, 1876. *Held,* that B. was liable to A. as an occupant for the value of the rents and profits.

JUDGMENT SATISFIED —*payment.* . On the trial, B. maintained that the court below could not divert the rents and profits of said property from the payment of the judgment, which appears in the record to have been satisfied. *Held*, that the court could not appropriate any sums arising therefrom upon the judgment.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was before this court on another appeal. 2 Mon. 482. Isaac R. Alden, Esq., was appointed a referee to take the testimony and find the sums that were due to the parties. This report was confirmed by the court, WADE, C. J., and a judgment was entered against Fort.

WOOLFOLK & PORTER, for appellant.

No copy of the amended and supplemental complaint was served, as required by law, on Fort, or his attorney. Fort had no attorney and should have been served himself. Civ. Pr. Act, § 53; *People* v. *Rains*, 23 Cal. 128; *Willson* v. *Cleaveland*, 30 id. 192.

The court erred in compelling Fort to answer before he had been brought into court legally.

The amended complaint changes entirely the character of the action. The original action was brought against Fort, Stoner and Reece to set aside a sale. This action is against Fort alone and seeks to charge him for rents as a trustee. Such an amendment was not competent. Story's Eq. Pl. 884; 3 Estee's Pl. 296, § 7; *Chase* v. *Dunham*, 1 Paige, 572; *Bowen* v. *Idley*, 6 id. 46; *Pratt* v. *Bacon*, 10 Pick. 123; *Walden* v. *Bodley*, 14 Pet. 156; *Shields* v. *Barrow*, 17 How. 130; *Ramirez* v. *Murray*, 5 Cal. 222.

The court erred in taking up the motion of respondent to strike out parts of Fort's answer without waiting, under the rules of court, twenty-four hours before acting thereon.

Fort was entitled to have his original judgment revived in this action, after the sale under the judgment had been set aside. Equity would not remit him to another action for that purpose, when the matter could be adjusted in this action. Civ. Pr. Act, § 57; 1 Story's Eq. Jur., §§ 464–473; 2 id., §§ 1435, 1436; Story's Eq. Pl., §§ 366–373, 389–394; *Ord* v. *McKee*, 5 Cal.

515; *Waugenheim* v. *Graham*, 39 id. 169; *Rathbone* v. *Warren*, 10 Johns. 587; *King* v. *Baldwin*, 17 id. 384.

Under the agreement set forth in the complaint, the rents and profits sued for should be applied on said judgment.

Under the allegation of respondent's insolvency, Fort was enti-tled to set off his judgment against the rents he received as trus-tee. *Naglee* v. *Palmer*, 7 Cal. 547; *Walker* v. *Sedgwick*, 8 id. 398; *Russell* v. *Conway*, 11 id. 93; *Hobbs* v. *Duff*, 23 id. 625.

The court erred in directing the referee to charge Fort for the occupancy of the premises he purchased under his judgment.

Fort could not be charged with more than he received or might have received by using due diligence. Perry on Trusts, § 441; *Osgood* v. *Franklin*, 2 Johns. Ch. 1; *Franklin* v. *Osgood*, 14 Johns. 527. The complaint does not charge that Fort did not use due diligence to rent the property of respondent, or that he rented it for less than he might have received.

The only wrong of which respondent could complain was the issue of the execution, and the penalty of this action was the setting aside of the sale.

SANDERS & CULLEN, and CHUMASERO & CHADWICK, for re-spondent.

Fort was in default six months when he applied to have the default opened and to be let in to defend. The court granted the motion and required Fort to answer to the merits of the action. No default should be set aside except to permit a trial on the merits. *Macomber* v. *Mayor*, 17 Abb. Pr. 35. Defaults can only be opened in furtherance of justice and on terms. Civ. Pr. Act, § 76.

Fort obtained possession of respondent's property wrongfully. *Roush* v. *Fort*, 2 Mon. 482. Fort became a trustee by reason of his *mala fides* and chargeable with the value of the use of this property.

The record does not show that Fort was not served with a copy of the complaint as amended.

After the decision of this court in *Roush* v. *Fort*, *supra*, it was necessary to retain the bill to settle all matters growing out

of the transaction described in the original complaint, and the supplemental complaint was essential. *Cuff* v. *Dorland*, 57 N. Y. 262.

There was but one way for Fort to set aside the satisfaction of his judgment, and that is prescribed by the statute and was not followed. Civ. Pr. Act, § 286.

Fort was rightfully charged for his wrongful occupation of the premises as a trustee *de son tort*. Perry on Trusts, §§ 240, 245. He was accountable for what, with due diligence, he might have obtained for the rent of the property.

BLAKE, J. This is the second appeal that has been taken in this case, and it is not necessary to repeat the facts, which are stated in the opinion on the first appeal that has been reported. 2 Mon. 482. After this decision had been rendered, and the cause had been remanded to the court below for further proceedings, the respondents filed March 15, 1876, by leave of the court, their amended and supplemental complaint. This complaint was filed in open court and it was ordered that the appellant plead on or before March 18, 1876. No pleading was filed by the appellant, and the respondents moved for judgment December 7, 1876, and the court ordered that the appellant be permitted to answer to the merits upon the payment of all costs. At the hearing upon this motion, the appellant asked leave of the court to file a motion to strike this complaint from the files, because no copy had been served upon him or his attorney, and the amendments changed the parties to the action and the character thereof. The court refused to allow this motion to be filed and made no other order than that which has been mentioned. Afterward, the answer of Fort was filed, and the court sustained two motions by the respondents to strike out parts of the same, and refused to permit certain amendments to be made by the appellant. Afterward, the cause was referred and judgment was entered on the report of the referee in favor of the respondents for a certain sum of money.

The errors relied on by the appellant will be reviewed in the order in which they appear in the record. The appellant contends that the court acquired no jurisdiction over him until a

copy of the amended and supplemental complaint had been served on him or his attorney. He is correct in this position. The Civil Practice Act requires a copy of the amendments to be served upon the defendant, " or upon his attorney, if he has appeared by attorney. The defendant shall answer in such time as may be ordered by the court, and judgment by default may be entered upon failure to answer, as in other cases." Civ. Pr. Act, § 53. In the original action and on the hearing of the first appeal, E. W. Toole, Esq., appeared as an attorney of the appellant. The clerk of the court below was directed by the respondents to serve upon said Toole a copy of said amended complaint, but the latter refused to receive it on the ground that he had ceased to be an attorney in the action. It appears that the appellant removed from this Territory during the pendency of the cause and resided in the State of Missouri in 1876. Said Toole never withdrew his appearance as an attorney for Fort in said action, or notified the respondents or any other persons that his connection with the same had ceased, and no attorneys had been substituted in his place. While the name of said Toole remained on the record as the attorney of the appellant, he was the proper person on whom the service of said copy of the supplemental complaint could be made. When he refused to take the same from the clerk of the court, he waived his rights and those of the appellant thereto. We think that the respondents complied substantially with the Civil Practice Act by causing said copy to be served upon said Toole, after he appeared as the attorney of Fort, under the foregoing circumstances. In *Grant* v. *White*, 6 Cal. 55, judgment was rendered against White, who moved for a new trial, and employed, in the mean time, other attorneys. No substitution of attorneys was filed and no notice thereof was given to Grant. The attorneys for Grant served some papers on the attorney of record, who informed them that he was no longer in the case. The court held that this service was valid under the statute. In *Roussin* v. *Stewart*, 33 Cal. 208, the court holds that the service of a certain notice was properly made on persons who "appear by the record to have been the attorneys of the plaintiff in the court below."

It is claimed that the amendments to the complaint changed entirely the character of the action. If they had this effect, the authorities are uniform that courts will not permit them to be filed. *Pratt* v. *Bacon*, 10 Pick. 123 ; *Shields* v. *Barrow*, 17 How. (U. S.) 130; *Ayres* v. *Carver*, id. 591. The Civil Practice Act has adopted the following rule : " Where facts occurring subsequent to the commencement of the action render it proper, the same may be presented by supplemental pleadings and issue taken thereon in the same manner as in the case of original pleadings." Civ. Pr. Act, § 75. The reports contain many cases in which amendments have been made to the complaint under legal rules similar to this section. Upon an examination of the pleadings in this action, on which the first appeal was heard, it is evident that the judgment of this court, to the extent that it disposed finally of a number of issues which appear therein, made some amendments not only proper but necessary on the part of the respondents. The subject of controversy between the respondents and Reece and Stoner, two of the defendants in the original case, was determined finally by this court at the January term, 1876, in *Roush* v. *Fort, supra*. It was, therefore, proper that said Reece and Stoner should be retained no longer in the action, when their interests could not be affected in any manner by the judgment which might be entered.

It is also apparent that some of the matters relating to the appellant and the respondents remained undetermined, and the cause was remanded to the court below to secure a trial of the same. This court established the legal and equitable relations of Fort and the respondents, and afforded a partial relief to the respondents, and the respondents were compelled to amend their pleadings to obtain a full and complete remedy in conformity with the decision in *Roush* v. *Fort, supra*. Under such circumstances, it would be proper to present these facts, which had occurred since the commencement of the action. Pomeroy on Remedies, § 566, and cases there cited. In *Robinson* v. *Willoughby*, 67 N. C. 84, the action was brought to recover the possession of land under a deed which was absolute on its face. The court, on appeal, held that the deed was a mortgage, and reversed

the judgment of the court below and granted a new trial. Before the second trial, an amendment to the pleadings was permitted by the court changing the cause of action from its original form to one for the foreclosure of the mortgage. In *Baker* v. *Bartol*, 6 Cal. 483, it is held that it is no objection to a supplemental bill that it prays for a different relief from the original bill, and the court says: "It is true, that in some aspects the character of the case is altered by the supplemental bill, and so it must be in every case where an amended or supplemental bill is filed. Every additional and pertinent fact either enlarges or limits the right to relief, or affects the nature of it." *Buckley* v. *Buckley*, 12 Nev. 423 ; Story's Eq. Pl., ch. 8. We are satisfied that it was proper for the court below to allow the supplemental complaint to be filed, and the order requiring the appellant to plead within a certain time was essential under the Civil Practice Act. The substantial rights of Fort have not been affected by these amendments, and this court cannot reverse the judgment, if it appeared that an error had been committed in this respect. Civ. Pr. Act, § 79.

While the appellant was ordered to plead on or before March 18, 1876, no action was had in the cause until December 7, 1876, and the default of the appellant might have been entered at any time between these dates. No excuse was offered to the court for this delay, and there was no error in the order, which the court made in the exercise of its discretion, that Fort must answer to the merits and pay the costs. The circumstances that have been specified brought the parties within the seventy-sixth section of the Civil Practice Act, which authorizes the court, in furtherance of justice and on such terms as may be deemed proper, to enlarge the time for an answer.

After the appellant filed his answer, the court, on the motion of the respondents, struck therefrom a part which alleged that the respondents were indebted to the appellant in the sum of $1,492.24, on account of the judgment rendered in the action in which the appellant foreclosed his mortgage upon the property of the respondents, and prayed that the same might be revived and set off against the claims of the respondents for rents and

profits. The court also refused to allow an amendment to be made to the answer, which embodied the same facts that had been passed upon in considering said motion to strike out, and contained an averment that the respondents were insolvent. The appellant insists that the court heard this motion in violation of the rules of the third judicial district, which allowed parties twenty-four hours to examine the same before a determination thereof. Conceding that the action of the court was irregular in this matter, the rule was directory merely, and the appellant does not show or claim that he was injured thereby. If the ruling of the court below was correct upon the question before it, it would be unjust for us to reverse the judgment by reason of the infraction of the rule prescribing the time for hearing the motion.

The appellant cites the authorities, which decide that parties will not be remitted to another action, when the matters in controversy can be adjusted in one that is pending, and declare the principles applicable to set-off and counter-claim. This court has announced similar doctrines. *Wells* v. *Clarkson*, 2 Mon. 230; *Boley* v. *Griswold*, id. 447. In the last case, we held that a party who had filed a motion to set aside the satisfaction of a judgment and revive the same had no standing in a court of equity until the court had acted thereon favorably; and that without this decision, he had no debt which could be a set-off. Under the proceedings in the action by Fort to foreclose the mortgage, the property of the respondent was sold by the sheriff, who made his return showing that the judgment had been satisfied. This court in *Roush* v. *Fort*, *supra*, set aside the sale of the property by the officer to the appellant, and the appellant contends that the satisfaction of the judgment, to the amount that it was affected by this decision, should be vacated and the judgment *pro tanto* be revived. These demands of the appellant are lawful, and this court would promptly satisfy them, if we had the power to do so. The Civil Practice Act protects in the most ample mode the rights of the appellant and points out clearly his remedy. He was empowered to file a petition setting forth the foregoing facts, and the court below was required to revive the

original judgment. Civ. Pr. Act, § 286. Although this remedy was full, complete and adequate, Fort could have commenced an action in the nature of an equitable proceeding, and obtained the same relief without any difficulty. *Cross* v. *Zane*, 47 Cal. 602\*. We think that the appellant should have acted diligently and resorted to one of these remedies, after the sale to him had been adjudged void; but he remained passive and refused to take any steps to protect his interests. When the subject was brought before the court below, the principles laid down in *Boley* v. *Griswold, supra*, were followed, and the respondents' motion to strike out and also disallow said amendment was properly sustained. Through the laches of the appellant, his claim against the respondents was not a proper subject of set-off or counterclaim at the time it was pleaded. This state of facts has not been changed since this appeal was taken, and, while we are desirous of granting relief to the appellant in this matter, he refuses to afford us the opportunity.

The referee was instructed to report upon certain issues. The judgment that is appealed from limits our inquiry into the action of the referee to the following items of the accounts between the parties. After the property of the respondents had been sold by the officer, under the execution obtained by the appellant, there remained in the hands of Fort $107.76, which belonged to the respondents. *Roush* v. *Fort, supra*. If the sale had been confirmed by this court, the respondents would have been entitled to receive this amount. But the respondents appealed from the judgment of the court below, and procured a favorable decision of this court by which the sale was set aside on account of the fraudulent conduct of the appellant. Instead of ratifying the act of Fort, their trustee, which the respondents might have done, they waived their claim to the sum of $107.76 and elected another remedy and must suffer the consequences. The amount of this sum, with the interest thereon from November 10, 1871, to June 30, 1877, $168.51, was found by the referee to be due to the respondents and forms a part of the judgment entered in this

---

\*This case was affirmed in *Scherr* v. *Himmelmann*, 53 Cal. 312.—B.

action. The respondents cannot recover this amount, and, at the same time, treat the sale by the sheriff as void and hold the appellant responsible for the rents and occupation of the property, to which it has been adjudged that the appellant had no valid title. The court below erred in finding that the appellant was in-indebted to the respondents in any sum by reason of this account.

Under the directions of the court, the referee found that the value of the use and occupation of the property, which was bought by the appellant at the sheriff's sale, from November 10, 1871, the date of the sale, to February 5, 1876, when the sale was set aside, was $1,720. The officer delivered to the appellant November 10, 1871, a certificate of the sale, and, during the following six months, the respondents had the statutory right to redeem the property from the purchaser. Fort was not entitled to enter upon its possession, or receive the rents arising therefrom during this period. But under the agreement, which is referred to in *Roush* v. *Fort, supra*, the respondents made Fort their trustee and conferred upon him all the privileges of ownership of said property. What were the obligations of the appellant during this period ? He should have exercised the same prudence, care and diligence in the management of the estate and collection of the rents thereof, as men of ordinary diligence, care and prudence manifest in their own matters. Perry on Trusts, §§ 441, 527; *Miller* v. *Proctor*, 20 Ohio St. 442. In the order of reference, the court below required the referee to charge the appellant with the value of the rents, issues and profits of this property, which he might or should have received as the occupant from November 10, 1871, to May 10, 1872 and judgment was rendered upon the findings of the referee for the sum of $450, the value thereof. We have seen that the appellant was responsible to the respondents as their trustee, and not as an occupant of their property. What Fort might or should have received in these different relations affects to a great degree the amount which was found by the referee. The rule that was prescribed by the court was not authorized by law, and, as we cannot examine the testimony to determine the sum which should have been ascertained, we must strike from the judgment the sum of $450.

The appellant deprived the respondents of the possession and enjoyment of their property from May 10, 1872, to February 5, 1876, by means of his fraudulent acts. *Roush* v. *Fort, supra.* What the respondents lost by the undue advantage taken by Fort must be made good, and the appellant must account for his misconduct, without regard to subsequent events of an accidental nature, which would have affected seriously the interests of the respondents. Bigelow on Fraud, § 512; *Kaye* v. *Powel,* 1 Ves. Jr. 408 ; *Fox* v. *Mackreth,* 2 Cox, 320. It was, therefore, proper to compel the appellant to account as an occupant of the premises from May 10, 1872, to February 5, 1876. During this time, the appellant sold a building, which was located on this property, and removed after the sale, and the court adjudged rightfully that the respondents were entitled to recover the value of the same, $50.

The appellant maintains that the court below could not divert the rents of the premises from their application on the judgment, which was recovered in the original action by Fort against the respondents. We have passed upon this question, and reiterate that there is no judgment in existence in favor of the appellant and against the respondents, because the appellant refuses or neglects to resort to the appropriate remedy to revive the same. A court cannot be required to do an impossible act, and we know of no mode by which these sums can be applied in payment of a judgment, which appears in the transcript to have been fully satisfied. Before the supplemental complaint was filed, this court had determined that a judgment, that had been satisfied, could not be a set-off until it had been revived. *Boley* v. *Griswold, supra.* The appellant ignored this decision by attempting to file his amended answer, and asking the court below to apply said amounts in satisfaction of said judgment.

The judgment of the court below is modified by striking therefrom the sum of $618.51, and in all other respects the judgment is affirmed.

*Judgment affirmed.*