Battle, J.
 

 After a careful examination of this case we are unable to perceive any principle, upon which the bill can be sustained. It is said by the counsel for the plaintiff to be a supplemental bill, filed for the purpose of having a former decree executed. With that view is there the slightest necessity for it? We think not. The proceedings in the two causes show that by a decree made in the first cause, at the Spring Term 1867 of the Court of Equity for Person county, a certain sum of money was charged upon a certain tract of land belonging to the defendant, Henry R. Baird, in favor of another tract belonging to the plaintiff, and w7as ordered to be paid by the former to the latter. While the suit was pending, a part of the land of Plenry R. Baird was by him assigned to some of the other defendants, and the present suit to execute the-decree, was brought to the next succeeding term of the court. It seems to be based upon the supposition that the lands of the defendant Henry R. Baird, in the hands of his assignees, could not be reached by any process of the court, -without a supplemental bill to bring them in as parties. In that we are of opinion that it erred. The alleged lien w7as upon the land, and as the assignees acquired their title to it by purchase while the former suit was going on, the decree which was finally made in it could be enforced at once without making them parties
 
 *322
 
 The plaintiff had the right to have fruits of his decree soon after it was rendered, by any means which the law allowed to make it most effectual. If it were necessary to proceed against the land itself, which was charged with the payment of the money, the land might be taken and sold no matter into whose hands it had come while the suit was pending. As to the effect of a
 
 Us pendens,
 
 see Adams’ Equity 157, and the cases referred to in Note 2, of the American edition.
 

 It having been thus shown that the present suit was entirely unnecessary to give to the plaintiff the full effect of the former decree, it follows that the bill cannot be maintained, but must be dismissed. See
 
 Rogers
 
 v.
 
 Holt, ante
 
 108, and
 
 Gee
 
 v.
 
 Hines,
 
 decided at the.present term.
 

 In coming to the conclusion at which we have arrived, it will be perceived that we have taken it for granted that the plaintiff is right in giving to the decree in the former suit the same effect that it would have had as a decree for parti tion under the Rev. Code ch. 82, sec. 1, in which a dividend of greater value is charged with a sum of money in favor of a dividend of inferior value, for equality of partition. It is -manifestly unnecessary for us to decide whether it is so or not, for if it be not so, then of course the
 
 bill will not
 
 lie, because it is based solely upon the correctness of the contrary supposition.
 

 The bill must be dismissed with costs.
 

 Per Curiam.
 

 Decree accordingly.