* Smith, C. J., did not sit on the hearing of this case.
The plaintiffs claim under a mortgage executed to them by one Vernoy, to secure advances for agricultural purposes on 2 March, 1874, and duly recorded on the 10th of that month. The defendant claims as a purchaser under a decree of foreclosure of a mortgage of the same land executed by said Vernoy and wife on 16 February, 1866, to one Bond (vendor and mortgagee) to secure the unpaid balance of the purchase money of the land. The execution of this latter mortgage was acknowledged before one John J. Hornbeck, a Justice of the Peace of Ulster county, New York, as certified by N. Williams, the clerk of said county. At the May Term, 1866, of the Court of Pleas and Quarter Sessions of Bertie County, North Carolina, where the land is located, the following proceedings were had in relation to the mortgage: —
 STATE OF NORTH CAROLINA, ) Bertie County. ) May Term, 1866.
This mortgage from Milford Vernoy and wife Martha, to Lewis T. Bond, was exhibited in open Court and ordered to be registered together with the certificate of John J. Hornbeck, a Justice of the Peace of Ulster county, New York, and of N. Williams, clerk of Ulster county, New York.
W. P. GURLEY, Probate Judge.
Upon this certificate and order, the mortgage was registered in May, 1866.
It was insisted by the defendants, that this registration, though not regular in form, was sufficient to pass the title, and that if the probate and registration were defective for that purpose, yet the registration was notice to all the world of the existence of the incumbrance, and that the plaintiffs therefore purchased subject to the lien.
His Honor being of opinion with defendant, gave judgment accordingly, and the plaintiffs appealed.
1. The statute provides that "no need of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or *Page 183 
purchasers for a valuable consideration, from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lieth." Bat. Rev., ch. 35, sec. 12. How mortgages executed without the State, for lands lying within the State, shall be proved without the State before they can be duly registered, is prescribed by statute, Bat. Rev., ch. 35, secs. 7, 8, and it is sufficient to say the mortgage from Vernoy to Bond has not been probated as the law directs, and that upon such probate it was not entitled to registration. Until a deed is proved in the manner prescribed by the statute the public register has no authority to put it on his book; the probate is his warrant and his only warrant for doing so. Williams v. Griffin, 49 N.C. 31; Burnett v.Thompson, 48 N.C. 113; Lambert v. Lambert, 33 N.C. 162; Carrier v.Hampton, 33 N.C. 307. Not having been duly proved, the registration was ineffectual to pass the title as against creditors or purchasers. Robinsonv. Willoughby, 70 N.C. 358; Fleming v. Burgin, 37 N.C. 584; DeCourcy v.Barr, 45 N.C. 181.
2. Does such a registration as this have the effect of notice to the world of the mortgage from Vernoy to Bond, so as to affect a subsequent purchaser?
The mortgage from Vernoy to the plaintiffs had the effect of passing the legal title, and in the registration of the mortgage to Bond did not impart notice to the plaintiff they will hold the land discharged of any prior equity. Polk v. Gallant, 22 N.C. 395; Winborn v. Gorrell,38 N.C. 117. It is in cases where actual notice is so clearly established as to make it fraudulent in the purchaser to take and register a conveyance in prejudice of the known title of another, (238) that the registered deed will be permitted to be affected. With this limitation it is only a duly registered mortgage that will affect the subsequent purchaser with notice. Fleming v. Burgin, 37 N.C. 584;Leggett v. Bullock, 44 N.C. 283; Robinson v. Willoughby, 70 N.C. 358. It is not pretended that the plaintiffs had any such, or other notice than that which might have been derived from the imperfect registration of the prior mortgage. That a mortgage registered in a manner not authorized by law is neither actual nor constructive notice, is decided in DeCourcy v.Barr, 45 N.C. 181. Barr executed three mortgages. The third mortgagee sought to redeem the first and avoid the second mortgage upon the ground that though registered prior to his own, it was upon an insufficient probate, and therefore inoperative as to him. The defect of probate consisted only in this, that though taken in regular form before a duly appointed *Page 184 
commissioner for the State, resident in New York, the deed proved, was the deed of a resident of this State, for land in this State, whereas the statute only authorized the commissioner to take probate of deeds ofnon-residents. It was insisted in that case, as it has been here, that this mortgage was spread upon the record, and for all useful purposes had the same notoriety as if it had been duly proven, so that it was urged the objection was merely technical. But the Court said that what was not done in due form was not done at all in contemplation of law, and that the plaintiff therefore might stand on legal rights and seize a plank in a shipwreck. It was also held that the adjudication of the clerk that the deed was duly proved, will not aid, where the certificate of the commissioner is annexed to the deed and shows that he was incompetent to take the probate. The same rule as to actual and constructive notice prevails in those States where registry laws are similar to ours; their Courts holding that express notice of an unrecorded (239) mortgage will not invalidate one which is duly recorded. Stansell v. Roberts, 13 Ohio, 148; Mayham v. Coombs,14 Ohio, 428; LeNeve v. LeNeve, 1 Smith L. C. (American notes); Coote Mortgages, 370, and notes to page 384.
3. The defendant insists that the instrument reconveying the land from Vernoy to Bond by its registration, though it may be defectively registered had the effect of creating an equity in Bond, the vendor, which followed the deed and attached to the legal estate transmitted to the plaintiffs, and will be protected and enforced, and for this position he cites Derr v.Dellinger, 75 N.C. 300. That was not the case of a mortgage, and it stands altogether upon different grounds. Derr purchased and acquired the legal title with express notice of an outstanding bond for title to another party who had contracted to purchase the same land. A contract to sell land is not required to be registered and take affect only from registration like a mortgage, but like a deed when registered it relates back to the date of the contract. Bat. Rev., ch. 35, sec. 24. Derr therefore having had notice of the bond for title took the legal estate subject to the prior equity. Had he purchased without notice the Court clearly intimate that the equitable estate would have been annihilated. We are not called upon to say how that would be. Derr purchased with, while the plaintiffs purchased without notice.
4. The defendant again insists that the plaintiffs had notice by lispendens, in that, they purchased during the pendency of an action by Bond against Vernoy to foreclose the mortgage upon the land now in controversy. The principle of lis pendens is that the specific property *Page 185 
must be so pointed out by the proceedings as to warn the whole world that they meddle with it at their peril, and the tendency of such suit duly prosecuted is notice to purchaser so as to bind his interest. Adams Eq. 157, and notes. As the law was prior to the adoption of our Code, and as it was in England prior to 2 Victoria, an action (240) for land so prosecuted and pending would have been notice to the world, and the purchase of the land by the plaintiffs after the institution of the action and before the decree of sale, would have been disregarded and treated as a nullity. Baird v. Baird, 62 N.C. 317; 2 Vict., ch. 11, sec. 7; Sugd. Vendors, 458; Adams Eq., 157. But the law of lis pendens has been greatly modified and restricted by C. C. P., sec. 90. That section provides that in an action affecting a title to real property, the plaintiff at the time of filing his complaint or at any time afterwards, or a defendant when he sets up affirmative relief at the time of filing his answer, or at any time afterwards, may file with the clerk of each county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and the description of the property affected thereby; and if the action shall be for the foreclosure of a mortgage, such notice must be filed twenty days before judgment, and must contain the date of the mortgage, the parties thereto, and the time and place of recording the same.
From the time of filling only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby; and every person whose conveyance or incumbrance is subsequently executed or recorded, shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were made a party to the action.
This statute is in substance a copy of 2 Victoria, which has received a construction by the English Courts. It is there held that no lispendens, of which a purchaser has not express notice, will now bind him unless it be duly registered. Before that statute, a purchaserpendente lite, though for a valuable consideration, and without express notice, was bound by the decree whether interlocutory or (241) final. And such was the law here. But since that statute, lispendens does not affect a purchaser or mortgagee without express notice, until a memorandum containing the particulars described in the act, is left to be registered with the senior master of the Common Pleas. Coote Mortgages, 383, Adams Eq., 157. The provision of the New York Code (sec. 132) for the filing of lis pendens, is similar to ours, and has *Page 186 
received there the same construction as the English statute. Lamont v.Cheshire, 65 N.Y. 30.
It would seem that the purpose of our statute was to assimilate the law of lis pendens to the registration laws and the docketing of judgments, and to produce consistency and certainty in the doctrine of constructive notice. There is certainly a great incongruity in the law where the pendency of an action binds a party dealing with the property, though he have no actual notice of the suit, while the same party is unaffected by express notice of an unregistered mortgage, or one defectively registered. While therefore I am of opinion that the policy of the statute would be the better carried out by following the English and New York construction, and holding that lis pendens is constructive notice only where the notice has been duly registered in every county where the benefit of it is claimed, a different construction has been put upon C. C. P., sec. 90, by two recent decisions of this Court, from which I do not feel at liberty to dissent.Badger v. Daniel, 77 N.C. 251; Rollins v. Henry, 78 N.C. 342.
It is there held that when the action is pending in the county where the property is situate, it has the force and effect of lis pendens, and dispenses with the statute requirement, or rather, that the statute does not apply to such case. It remains to be seen then whether the defendant has placed himself in the condition to claim the protection of (242) lis pendens. He certainly has not, unless he has in the pleadings specifically set forth and claimed the benefit of such a plea. That he has not done. All that is said in answer bearing upon this matter is in these words: "That the said Vernoy failed to pay the purchase money secured by said mortgage as it became due, and on the ____ day of ________, 1878, the said lands were by judgment of the Supreme Court of the State sold to pay said purchase money, and were purchased by one Dennis Simmons, the sale reported to and confirmed by said Court, and a deed to the same executed to him, and that the defendant is in possession of said lands by purchase for value from said Simmons." It is thus seen that the answer of the defendant contains allegation of the pendency of an action for foreclosure at the time of the execution of the mortgage to the plaintiffs, and we are not at liberty to go outside of the record and the defence made in the pleadings to ascertain how the matter was in point of fact.
5. It is further insisted that the mortgage from Vernoy to the plaintiffs was executed to secure advancements to be thereafter made, and is therefore inoperative by reason of our registration laws, the object of *Page 187 
these laws being to give notoriety as well to the extent as to the existence of mortgages and deeds of trust. This question has been raised twice — Decourcy v. Barr, 45 N.C. 181, and Small v. Small,74 N.C. 16. The mortgage is in the form of an agricultural lien upon the crop to be made to secure advances for making it; and then, as a further security for repayment at the time stipulated, of the sum to be advanced, not exceeding sixteen hundred dollars, the mortgage upon the land was executed. Upon this contract the plaintiffs advanced the sum agreed on, over one thousand dollars of which is yet unpaid, and can be collected only by resorting to the mortgage. It is settled that a mortgagee is a purchaser for valuable consideration, and whether the consideration is adequate or not, will not affect the legal title. It was immaterial whether the future payments were secured in the deed (243) or by promissory notes, as they were equally unforceable; and to the extent of the payments made by the plaintiffs before notice of the defendant's equity, the legal title acquired by them will protect and secure them. If after the execution of the mortgage to the plaintiffs and before they had made any part of, or all the advancements stipulated, they had been fixed with notice of the defendant's equity, any advancements subsequently made by them would have been made at their peril; for a naked legal title without an equity arising from being something out of pocket would not have prevailed against the equity of the defendant. But as the plaintiffs were unaffected with notice before they paid out their money, the legal title must prevail as a security for repayment.
6. The case, so far as the plaintiffs are the actors, is the ordinary one of purchasers for valuable consideration without notice, who, having obtained the legal estate at the time of their purchase, are entitled to priority according to the maxim, "where equities are equal the law shall prevail." But from the character of the defense, the action is more like one wherein the defendant is the actor, and seeks to set aside the legal title of the plaintiffs, or to have them declared trustees for his benefit. To succeed in this, however, it was incumbent upon him to do two things, — first, to allege and show that the plaintiffs purchased and acquired the legal title with notice of his equity; and second, to show on his part an actual purchase for value, fully completed by payment of thepurchase money. He has done neither. His equity is derived through Bond, his vendor, whose unrecorded mortgage we have seen does not operate as notice. His purchase is not fully complete, for he has not paid the purchase money; and having brought under a degree of Court, that tribunal will not require him to pay the *Page 188 
purchase money, unless a good title can be made. So in fact the (244) defendant is out nothing and has sustained no injury in legal contemplation. Basset v. Nosworthy, 1 Smith, L. C., 1, and notes; Le Neve v. Le Neve, 1 S. L. C., 21, and notes.
There is error; judgment reversed, and judgment here according to the case agreed, for the plaintiffs.
PER CURIAM. Judgment reversed.
Cited: Dancey v. Duncan, 96 N.C. 111; Evans v. Etheridge, 99 N.C. 43;Weaver v. Chunn, Ib., 431; Spencer v. Credle, 102 N.C. 68; Killebrewv. Hines, 104 N.C. 182; White v. Connolly, 105 N.C. 65; Duke v.Markham, Ib., 131; Collingwood v. Brown, 106 N.C. 362; Southerland v.Fremont, 107 N.C. 565; Long v. Crews, 113 N.C. 257; Williams v. Kerr,Ib., 309; Wallace v. Cohen, 111 N.C. 107; Quinnerly v. Quinnerly,114 N.C. 147; Perry v. Bragg, Ib., 164; Barrett v. Barrett,120 N.C. 129; Blalock v. Strain, 122 N.C. 285; Bernhadt v. Brown, Ib., 591; Hatcher v. Hatcher, 127 N.C. 201; R. R., v. Stroud, 132 N.C. 415;Morgan v. Bostic, Ib., 750; Lance v. Painter, 137 N.C. 250; Wood v. Tinsley,138 N.C. 510; Allen v. Burch, 142 N.C. 527; Johnson v. Lumber Co.,147 N.C. 250; Cozad v. McAden, 148 N.C. 13; Piano Co. v. Spruill,150 N.C. 169; Timber Co. v. Wilson, 151 N.C. 157; Smith v. Fuller,152 N.C. 13; Bank v. Flippen, 158 N.C. 335.
Dist: Hinton v. Leigh, 102 N.C. 28; Gordon v. Collett, 107 N.C. 362.