R. W. DANIEL v. POLLY HODGES.

*Divorce and Alimony—Lis Pendens—Purchaser.*

The rule of *lis pendens* does not generally apply to a proceeding for alimony, which prefers a *personal* claim against the husband and does not attach to any specific part of his estate. But the facts of this case make it an exception to the general rule, in that, the lot in question specifically described in the petition for alimony, the only property of the husband and sought to be subjected by the plaintiff, was assigned the wife by order of the court and she was in actual possession at the time the deeds mentioned in the case were executed. *Held further*, That a proceeding which draws property incidentally in question is such *lis pendens* as affects a purchaser *pendente lite*, with notice, and the same is not destroyed by the reversal of an order in the cause.

(*Baird* v. *Baird*, Phil. Eq., 317 ; *Isler* v. *Brown*, 66 N. C., 556 ; *Tabb* v. *Williams*, 4 Jones Eq., 352 ; *Gilmore* v. *Gilmore*, 5 Jones Eq., 284, cited and approved.)

EJECTMENT tried at November Special Term, 1881, of HALIFAX Superior Court, before *Gilmer, J.*

The facts set forth in the answer as admitted by the demurrer are as follows :

In the year 1876 the defendant instituted in the superior court of Halifax county a suit against one Joseph Hodges, who was the husband of the defendant, setting forth that her said husband had abandoned her, and left the state, and failed to contribute anything for her support and maintenance ; that the said Joseph had no property in this state except the lot described in the petition, it being that now claimed by the plaintiff, said description being as follows : A messuage in the town of Weldon in said county of Halfax abutting on the line of the Raleigh and Gaston Railroad Company, being a corner lot formerly occupied by one John Valentine. The prayer of the petition was for reasonable alimony and that the lot be assigned to her.

Thereupon an order in the cause was made at the spring

term, 1876, of said court, assigning the lot to her till the further order of the court. In the order the lot was described as in the petition, and further, as adjoining the lot of Alfred Gee, Hicks, and others. At spring term, 1879, the said Joseph Hodges moved to set aside the order assigning the said lot to this defendant, the petitioner. He appealed to the supreme court, where, at January term, 1880, the order was reversed, on the ground that the petitioner seeking no divorce or separation could not under the statute be allowed alimony *pendente lite.* 82 N. C., 122. This opinion was certified down to the superior court, but no judgment was ever entered up in accordance therewith, and this defendant continued to occupy said property. While the order was in force, and this defendant was in possession of the land thereunder, the said Joseph Hodges made a deed of trust for the land to one W. W. Hall, with power to sell the same when requested by W. H. Day, who was attorney for said Joseph Hodges in said suit for alimony, and pay a certain alleged debt of four hundred dollars to said Day, and any surplus over to said Joseph Hodges. The said deed was executed on the 16th day of November, 1877, and duly registered.

Under the said deed, Hall the trustee sold the lot on the premises, and on the 29th day of December, 1877, executed a deed to the plaintiff for the consideration of $205. No part of this sum was due to Day except $—— as his fee in said suit for alimony, and the said debt was fictitious and pretended.

The proceeding for alimony is made a part of the answer in this case, and the prayer of the petition was for such alimony out of the estate of the said Joseph Hodges as the court may deem her entitled to. At November term 1880 of said court, the suit for alimony came on for final hearing, and the said land was assigned to her for her maintenance and support during her natural life.

That from January 1st, 1877, to the time of the institution of this action, this defendant has been continually in possession of said lot under said order of court, and at the time of the sale by said Hall, as trustee, when plaintiff purchased, to·wit, 29th December, 1877, the plaintiff had express knowledge that she was in possession under said order of court made at May term, 1876, and that a suit for alimony was pending in which it was sought to subject said lot.

That this defendant and Joseph Hodges were married prior to 1867, and the said lot or parcel of land was acquired, by Joseph Hodges in 1871.

That the value thereof is less than $1,000 and that neither she nor the said Joseph have any other real estate in this state, and that she did not join in the deed executed by said Joseph Hodges to the said Hall.

The demurrer to the answer was sustained and there was judgment for the plaintiff, from which the defendant appealed.

*Messrs. Day & Zollicoffer* and *Batchelor*, for plaintiff.
*Mr. R. O. Burton, Jr.*, for defendant.

ASHE, J. "The defendant contends that the conveyances from her husband, Joseph Hodges, to W. W. Hall and from Hall to the plaintiff, having been made while her action for alimony was pending, and especially after the order of the superior court assigning her the lot in question, are brought within the principles involved in the law of *lis pendens.*

The rule of *lis pendens* is a principle founded not so much upon the doctrine of notice, as in motives of public policy. Hence it is held as a general principle that every one is presumed to be attentive to what passes in the courts of justice in the state where he resides, and that he who purchases during the pendency of a suit the property in litiga-

tion therein, is held bound by the decree or judgment that may be rendered against a party to the action from whom he derives title ; and this, whether he purchased for a valuable consideration and without any express or implied notice in point of fact. 1 Story Eq. Jurisprudence, §§ 405, 406.

But in order to give effect to this principle, two things are said to be indispensable. First, that the litigation should be about some specific thing which must be necessarily affected by the termination of the suit; and secondly, that the specific property must be so pointed out by the proceedings as to warn the whole world that they meddle with it at their peril. Freeman on Judgments, 196 ; *Green* v. *Slaytor*, 4 Jon. Ch. Rep. 38.

Under the application of these principles, it has been held by an almost invariable uniformity in the decisions upon the subject, that the rule of *lis pendens* does not apply to proceedings for alimony, for the reason that such a suit is *in personam* and does not apply to any specific part of the personal or real estate of the husband. The judgment obtained in such a proceeding, says Judge STORY, constitutes a lien upon the defendant's property from the time of the docketting, but does not constitute a *lis pendens* any more than any other sufficient cause of action. 1st Story Eq. Jur. § 196.

In *Almond* v. *Almond*, 4 Randolph, (Va.,) 662, the same doctrine is announced. It is there held that the claim of the wife for alimony is a personal claim on the husband, and that she has no lien on any specific property without an agreement—and to the same effect is *Brightman* v. *Brightman*, 1 Rhode Island, 112.

It must be admitted that these decisions are supported by sound reason and good policy. For as the prayer of the petition for alimony according to the formula is, to have such reasonable subsistence secured to her out of the estate of her husband as may be deemed just and proper by the

court, the application of the rule of *lis pendens* in such a case would lock up the entire estate of the defendant, for the alimony would attach to every part of the real and personal property the husband had at the time of filing the petition.

Such we understand is the generally received doctrine in regard to the exclusion of the application of *lis pendens* in proceedings for alimony. But the particular circumstances of the case before us in our opinion constitute an exceptional case.

While the prayer of the petition for alimony is in the usual form, it is stated in the petition, that the lot in question was the only property in the state owned by the husband, and was the only property out of which alimony could be granted, and it was specifically described with such particularity, that every person reading the petition could learn thereby what property it was she sought to have made subservient to her claim. And although the prayer of her petition was in the usual general form, it was as evident that she was seeking to subject the lot in question to her claim for alimony, as if she had specifically prayed that it might be assigned to her. And then it was assigned to her by the order of the court, and she was put in possession, and was occupying it when the deeds were executed to Hall and the plaintiff, he having at the time of his purchase actual notice of the pendency of the suit, the order of the court, and the possession of the defendant by virtue of the order.

It is true the first order of the superior court was reversed by this court, on the appeal of the defendant in the petition, but that did not effect the *lis pendens.* The reversal was upon the ground that the order was premature, and could only be made at the termination of the suit. The suit was continued and diligently prosecuted to a final termination, when the lot was again assigned to the petitioner. The case of *Stoddard* v. *Myers,* 8 Ohio, 203, is a direct authority for the position that the *lis pendens* was not destroyed by the

reversal of the order of the supreme court. Judge LANE, who delivered the opinion of the court, said : " It is assumed that when the right to recover in the bill in equity was taken away by the reversal of the judgment, the suit ceased to be pending so far as to bind the property. We are not satis-- fied that this position is a sound one. No such distinction is to be found in the books. But the doctrine seems to be plain, that by the institution of a suit, the subject of litiga- tion is placed beyond the power of the parties to it; that whilst the suit continues in court, it holds the property to respond to the final judgment or decree. This suit insti- tuted in 1831 was regularly continued until the final decree in 1838. The supplemental bill was engrafted into the origi- nal bill and became identified with it. The whole was a lis pendens, effectually preventing an intermediate aliena- tion."

. In the argument before us, the position was taken by the plaintiff's counsel that it was essential " to make an action a lis pendens, it should be an action creating a lien, or for a specific thing." The authorities, as we have shown, are in support of the position, but the principle has been recognized by several decisions of this court, that a suit which draws property incidentally in question is such lis pendens as binds the purchaser pendente lite.

In Baird v. Baird, Phil. Eq., 317, the original suit was for a valuation of lands advanced, and the partition of slaves under a will, which provided that advancements should be accounted for, and it was held that the principle of lis pendens affected the land so as to bind it, in the hands of a purchaser pendente lite, for the payment of the judgment to make the slaves equal.

In Isler v. Brown, 66 N. C., 556, which was a motion to issue a vend ex., and the land sought to be sold was aliened pending the consideration of the motion ; it was held the rule of lis pendens applied. See also Tabb v. Williams, 4

Jones' Eq., 352, and *Gilmore* v. *Gilmore*, 5 Jones' Eq., 284; and these decisions of our court we find supported by the case of *Gouth* v. *Ward*, 2 Atkins 174, where it was held that a suit by devisees against the heir to perpetuate testimony and to establish the will, was such a *lis pendens* as affected a purchaser of the property with notice.

So in the case of *Culpepper* v. *Aston*, 2 Chan. Cases 115 and 221—223, a bill was filed by the heirs against the executors for an account, alleging the land was not wanted to discharge the debts, and during the pendency of that suit the executor sold the land; it was held "that the suit for the account was notice to the purchaser." And much more would these principles apply to our case, since by statute lands are made subject to alimony.

Upon due consideration of the authorities we have cited and others we have looked into bearing on the question presented by the record, we are of the opinion the petition for alimony under the particular circumstances of the case, constituted such a *lis pendens* as affected the purchasers with notice, independent of the actual notice had, and rendered their deeds void.

There is error in sustaining the demurrer. It should have been overruled. The judgment of the court below must be reversed.

Error.                                             Reversed.