F. B. DANCY. v. M. A. DUNCAN et als.

*Judicial Sale—Mortgage—Lis Pendens—Notice—Fraud— Breach of Trust.*

1. Where, after a sale of land to make assets, the heir at law mortgages his interest in the land, the mortgage has the effect of putting the mortgagee in the place of the mortgagor, so that he is entitled to what remains after the payment of the debts, to the amount of his mortgage.

2. If property is transferred by the defendant pending a suit involving its title, in which there is afterwards a judgment for the plaintiff, the judgment relates to the beginning of the action, and binds the property in the hands of the purchaser, and when the transaction and suit are in the same county and the record furnishes evidence of the claim, this rule is not affected by the provisions of *The Code,* §229.

3. Where a party unites with a trustee in a breach of trust, or there are circumstances to put him on his guard and awaken suspicion, he will be required to repay to the trust fund any of its assets which he may have received in consequence of the breach of trust.

(*Briley* v. *Cherry*, 2 Dev., 2; *Cates* v. *Whitfield*, 8 Jones, 266; *Badger* v. *Daniel*, 77 N. C., 251; *Rollins* v. *Henry*, 78 N. C., 342; *Todd* v. *Outlaw*, 79 N. C., 235; *Smith* v. *Fortescue*, Busb. Eq., 127; *Exum* v. *Bowden*, 4 Ired. Eq., 281; *Wilson* v. *Doster*, 7 Ired. Eq., 231; *Lemly* v. *Atwood*, 65 N. C., 46; cited and approved).

CIVIL ACTION, tried upon exceptions to the report of a referee, before *Gudger, Judge*, at Fall Term, 1886, of EDGECOMBE Superior Court.

James C. Knight died in 1869, seized and possessed of a tract of land in the county of Edgecombe, which in his will is devised to his daughter, M. A. Duncan, for life or widowhood, and of the remainder, one-third to F. C. Pittman, one-third to Alla W. Burnett, her children by a former husband, and the other third in equal parts to R E. Duncan and P. P. Duncan, her children, the offspring of a later marriage, their father being also dead. The last named devisees in common have also since died, one of them in infancy, and their shares have descended to their half-brother and sister as heirs at law. The said F. C. Pittman, who was appointed and qualified as executor under the will, finding the personal estate of the testator insufficient to pay his debts and the charges of administration, instituted proceedings against the devisees to obtain an order and license to sell the said land, which was granted by the proper Court, in November, 1875, and pursuant thereto, the premises were exposed to sale and bid off by W. D. Pittman at the price of $2,500.

In consequence of the inadequacy of the price, the report of the sale was delayed until the purchaser doubled his bid in January, 1881, and then complied with the conditions of sale, paying $1,000 in money, and executing four notes. each in the same sum, payable in successive years, for the residue of his increased offer.

The sale on these terms was reported and confirmed in June, 1882, and title directed to be made to the purchaser on payment of the purchase money. Pending the delay,

and to secure a more advantageous disposition of the land, to-wit: in January, 1878, the executor, F. C. Pittman, and the defendants M. A. Duncan and R. E. Duncan, obtained the loan of $1,000 from N. J. Pittman, then the guardian of the plaintiff, F. B. Dancy, to be used, and which was used, by the executor in paying off the liabilities of the estate, for which sum they executed their bond to the said guardian, he knowing the intended disposition of the fund, and to assure the re-payment of the money due on the note, S. E. Pittman, wife of the executor, uniting with him, by deed of mortgage, conveyed their several estates and interests in said land to the said N. J. Pittman, with a power of sale in case of default in making payment. When the plaintiff arrived at full age, the note, with the mortgage security, was transferred to him by his guardian as part of the trust estate in his hands. The entire indebtedness of the testator's estate was satisfied out of the borrowed money, and the only assets remaining consist of two of the $1,000 notes given for the purchase money, one due January 7th, 1884, which the executor in December, 1881, assigned to the defendant F. H. Whitaker, who knew at the time that the executor was applying the fund in payment of his own personal debt; the other, the executor sold and transferred in the same month to Spier Whitaker, who paid him $974 in money therefor.

At the time of thus disposing of the notes the executor was insolvent, and so has since remained. In November, 1883, he was removed from his office, and administration *de bonis non cum testamento annexo* was granted to the plaintiff Thomas H. Battle.

There have been two references ordered, and from the reports, it is found that the defendant Spier Whitaker did not participate in the mal-administration of the executor in purchasing the note assigned to him, and having acquired the same in good faith, is entitled to the amount due thereon, but must surrender the same to the said Battle, to the end

8

that he may make title to the purchaser on receiving payment, and must account to said Whitaker for the full proceeds thereof.

It is further found that the defendant F. H. Whitaker was a party to the executor's *devastavit* and perversion of the moneys due on the note assigned to him, and that he has no title thereto against the plaintiffs. The Court confirmed the findings of the first referee, except in so much of his conclusions of law as to the plaintiff having a lien or claim on the note held by the said Spier Whitaker.

The second referee, adopting the findings of his predecessor, and of the Judge acting upon his report, announces as his conclusions of law, summarily expressed :

I. The mortgage does not bind the land, but the purchaser takes it free from the incumbrance and by a title paramount.

II. The unpaid residue due on the note in the hands of the plaintiff, Dancy, on October 19, 1886, was $786.18.

III. The said Dancy, his money having been used to pay the indebtedness of the testator's estate, is subrogated to the rights of creditors for the full amount due on his note.

IV. The assignment of the note to F. H. Whitaker did not pass to him the equitable title to the moneys specified therein as against the plaintiff's claims.

By consent, the note assigned to Spier Whitaker is eliminated from the controversy.

The defendant F. H. Whitaker excepts *seriatim*, and in general terms, to each of the referee's conclusions of law as above enumerated.

On the hearing, the following judgment was entered : " This case coming on to be heard upon the report of Frank Nash, Esq., referee, and the report of G. M. T. Fountain, referee, and the order heretofore made in the cause, it is now ordered and adjudged, that the said report be in every respect confirmed, and that the defendant W. D. Pittman pay the defendant Spier Whitaker the full amount due on the

$1,000 note held by him, upon the cancellation and surrender of said note to said W. D. Pittman, and that the $1,000 note lately held by the defendant F. H. Whitaker, and delivered by him into the office of the clerk of this Court, be surrendered by said clerk to the defendant Thos. H. Battle, administrator, &c., of J. C. Knight, and that the defendant W. D. Pittman shall pay said Battle, administrator, the full amount due on said note, and thereupon the said Battle, administrator, shall cancel and surrender said note to said W. D. Pittman, and shall make to said Pittman a fee simple deed to the land described in the complaint.

And it is further ordered and adjudged, that the defendant T. H. Battle, administrator, shall use the amount paid to him as above, in the due administration of the estate of James C. Knight, paying all lawful debts against the same, and settling the same according to law, and paying to plaintiff the full amount due on his note, as found by the report of Fountain, referee, and paying the costs of this action, to be taxed by clerk.

And it is further ordered and adjudged, that as the defendant devisees under the will of J. C. Knight have been settled with in full, except in so far as concerns plaintiff's claim, the defendant F. H. Whitaker shall, next to plaintiff's claim, be considered as the sole distributee of the estate of said Knight, and that whatever balance may be left in the hands of the said Thomas H. Battle, administrator, &c., after carrying the provisions of this decree into effect, and administering said estate according to law, shall be regarded as personalty and shall be paid over to said F. H. Whitaker as said sole distributee."

*Messrs. Thos. H. Battle* and *R. H. Battle,* for the plaintiff.
*Messrs. F. H. Whitaker, Jr., Donnell Gilliam* and *John L. Bridgers,* for the defendants.

Smith, C. J., (after stating the facts). The purchaser at the judicial sale acquired title to the land, and the mortgage by the defendants in the suit, of their shares, only had the effect of putting the mortgagee in the place of the mortgagors, so that he could claim what remained after payment of the testator's debts. what the devisees would have been entitled to, if no mortgage had been made. His right was transferred from the thing sold to its substituted proceeds. This was quite distinctly announced in the opinion when, with other features, the case was before us three years since. "And as the assignee of the former class, (next of kin or legatees,) must assert his claim in the distribution of the personal, so must the mortgagee prefer his, when the real estate fund is to be paid over to those of the latter class," (heirs or devisees). "A verdict and judgment in an action of detinue," in the words of HENDERSON, J., are conclusive as to the title between the parties and their privies." * * * " Privies in estate are those who come in under the owner, and the estate stands burthened, in their hands, with those incumbrances created by him before he parted with it. Therefore if a suit was pending against him for the property when he parted with it, in which there was afterwards a judgment, that judgment relates to the commencement of the suit and binds subsequent purchasers." *Briley* v. *Cherry*, 2 Dev., 2; *Cates* v. *Whitfield*, 8 Jones, 266.

No change in the rule is brought about by the statute prescribing how notice of a *lis pendens* shall be given, *The Code*, §229, when the transaction is in one and the same county, as in the present case, and notice is furnished in the record in the pending action. So it is held in *Badger* v. *Daniel*, 77 N. C., 251; *Rollins* v. *Henry*, 78 N. C., 342; *Todd* v. *Outlaw*, 79 N. C., 235.

Besides the constructive notice given by the record of the pending suit, all the parties in interest were fully cognizant of all that was done, and the loan and mortgage were in-

tended to be, and so known to the mortgagee, as well as to the others, in furtherance of the objects of the suit, and to secure a more advantageous sale of the land. The doctrine of subrogation, if applicable, need not be invoked in aid of the plaintiff's equity. As assignee of the estate of the several devisees, the guardian who loaned the money succeeds to all their rights to come in and take what they could respectively have taken had no assignment been made; that is, their shares of the surplus of the proceeds of sale not required in the course of administration, so far as was necessary to discharge the mortgage debt. This is the legal effect of the conveyance, and it is not necèssary to resort to a substitution in place of creditors. This is so obviously the position of the plaintiff in the controversy as to need no comments in further elucidation.

The case of *Smith* v. *Fortescue*, Busb. Eq., 127; fully warrants the present proceeding, and is almost a direct decision in favor of the judgment. The conduct of Whitaker in his voluntary participation in the wrongful disposal of the note, and appropriation of it to the executor's own debt, renders him equally liable to be called on to restore the money to those thus defrauded. He will not be permitted thus to use trust funds when he is fully aware of their nature, or there are circumstances to awaken suspicion and put him on inquiry. The authorities upon this point are numerous, and we refer to a few. *Exum* v. *Bowden*, 4 Ired. Eq., 281; *Wilson* v. *Doster*, 7 Ired. Eq., 231; *Lemly* v. *Atwood*, 65 N. C., 46.

We find no error in the record, and the judgment must be affirmed.

No error.                                         Affirmed.