J. M. COLLINGWOOD v. A. H. BROWN et al.

*Lis Pendens—Common Law—Notice—Deed —Registration— Subsequent Purchasers—Judgment—Parties.*

1. B. commenced an action for recovery of land, in the Superior Court. Complaint and answer were filed, and judgment was obtained declaring B. the owner in fee. Previous to the commencement of the action, the defendant had executed a deed to one C., which was not recorded until after the filing of the complaint and answer: *Held*, that the judgment rendered thereon took priority over the unrecorded deed.

2. The filing of the complaint and answer describing the property and putting in issue the title to the land, and substantially containing all the requisites of a *lis pendens*, was a sufficient *lis pendens* under our statute.

3. The statute prescribes that a *lis pendens* shall be as effectual against subsequent purchasers as if they were made parties—and this, although plaintiffs had actual notice of their unrecorded deeds.

4. The title of such purchasers begins, as against the party who has taken the benefit of his purchase, only from the date of registration.

5. The common law rule of *lis pendens* requiring, as it does, every one to take notice of what passes in a Court of justice, would be effectual, as notice. in several counties, and is modified by our statute, which makes it effectual in the county where the land lies.

This was a CIVIL ACTION, tried at the Fall Term, 1889, of GASTON Superior Court, before *Connor, J.*

The facts are sufficiently stated in the opinion.

*Messrs. R. W. Sandifer, W. A. Hoke* and *R. McBrayer,* for plaintiff.

*G. F. Bason* and *Jones & Tillett,* for defendants.

SHEPHERD, J.: Under the view which we have taken in this case, it will be unnecessary to consider several very interesting questions, which were argued with much ability by the plaintiff's counsel. One point alone will be sufficient to dispose of the appeal.

G. F. Bason, under whom the plaintiff claims, commenced an action in the Superior Court of Gaston County on April 7th, 1880, against the King's Mountain Mining Company for the recovery of the land in question, and filed his complaint on the 28th of April, 1880. An answer was filed by A. G. Curtin, President of said company, on June 21st, 1880, and on the 27th of April, 1885, a judgment was rendered declaring the plaintiff Bason the owner in fee of the said land. Previous to the commencement of the said action,

to-wit, on November 25th, 1879, the defendant therein had conveyed the land to the said A. G. Curtin, in trust, to secure certain indebtedness of the said defendant company, but the deed was not registered until the 20th of December, 1880. The plaintiff claims by virtue of a sale made under this deed.

Neither he nor the trustee was made a party to the said action.

The question, therefore, is whether such a trustee, whose deed is executed by a party litigant prior to, but registered subsequent to, an action for the recovery of the land conveyed therein, is concluded by a judgment in such action.

It is provided by *The Code*, § 229, that in an action affecting the title to real property, the plaintiff may, at the time of filing his complaint, or at any time afterwards, or a defendant, when he sets up affirmative relief at the time of filing his answer, or at any time afterwards, may file, with the Clerk of each county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action and the description of the property affected thereby, and that every person " whose conveyance or incumbrance is subsequently executed or subsequently registered shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings, taken after the filing of such notice, *to the same extent as if he were made a party to the action.*" It is very clear that our case falls within the above provisions, for, as the trustee had no title as against third persons at the time of *lis pendens*, it must follow that if he had been made a party his unrecorded deed could not have availed him.

The case of *Lamont* v. *Cheshire*, 65 N. Y., 31, cited by the plaintiff, cannot help him. It is true that the decision was made under a statute similar to ours, but as the statute binds only to the same *extent* as if the incumbrancer, or grantee, had been made a party to the action, and as the plaintiff

Lamont had actual notice of the unrecorded deed, it was held that, under the laws of New York, he must take subject to the same. The doctrine of actual notice in such a case does not obtain in North Carolina. *Todd* v. *Outlaw,* 79 N. C., 235, and the authority cited can, therefore, have no application to the question before us.

(1) The plaintiff, however, contends that *The Code,* § 229, does not apply, because the formal notice therein required was not filed, and for the further reason that "our Courts have intimated that the statute only applies to foreign countries." In *Rollins* v. *Henry,* 78 N. C., 352; *Badger* v. *Daniel,* 77 N. C., 251; *Todd* v. *Outlaw,* 79 N. C., 235, and *Spencer* v. *Credle,* 102 N. C., 68, also *Dancy* v. *Duncan,* 96 N. C., 111, cited by the plaintiff, the lands were situated in the counties where the actions were pending, and all that the Courts decided was that if, in such cases, the pleadings sufficiently indicated the property and the character of the litigation, the rule *lis pendens* would operate. It is insisted in this case that because the notice was not filed, the common law, and not the statutory rule of *lis pendens,* applies, and that there is a distinction between the two in that the former does not operate upon prior unrecorded incumbrances.

Conceding, for the argument, that the common law rule applies, we are not prepared to recognize the distinction contended for.

It is true that the antecedent equities are not affected by the rule, but the interest of a trustee or mortgagee under an unrecorded deed is not an equity in this sense, and this is so even where there is actual notice. *Todd* v. *Outlaw, supra.* The title in such cases, as we have said, takes effect as against third persons only from registration, and we are of the opinion that only from that time can such a trustee or mortgagee be considered a purchaser under the rule. Such is the ruling in *Norton* v. *Birge,* 35 Conn., 250, which is approved by Mr. Bennett in his work on " Lis Pendens."

It is conceded that there is some conflict of authority upon the subject, but it is believed that the contrary decisions are influenced in some of the States by the doctrine that actual notice of an unregistered incumbrance constitutes an equity, and that for this reason the rule does not apply. We have seen that this doctrine does not prevail, as a general rule, in this State, and any reasoning founded upon it must necessarily be fallacious

We do not deem it necessary, however, to enter into an elaborate discussion of the various decisions upon the question, but will content ourselves with quoting the language of Mr. Bennett (section 302), whose conclusion, we think, is more in harmony with the spirit of our registry laws as construed by this Court. He says that, until the deed is recorded, "it is as though no conveyance were made. By the registry laws, it only becomes effective by filing for record or registration If, at the time it is so filed for record, there is a pending suit, the holder of such a deed previously withheld from the record is a *pendente lite* purchaser. He stands upon no better ground than he would have occupied if his deed were executed at the moment of its recording. The question is whether, at *the time the law determines lis pendens commences,* it had become effective upon the property involved. If the recording laws make the deed void as to such claimant before record, the *lis pendens* had become effective upon the property. This is the substance of the ruling in both the cases of *Norton* v. *Birge,* 35 Conn., 250, and *Hoyt* v. *Jones,* 31 Wis., 397, and the reasoning of those Courts, as well as that of Justice DICKEY (in *Grant* v. *Bennett,* 96 Ill., 513) seems to me unanswerable."

In view of the fact that Curtin, the trustee, had actual notice of the suit and filed an answer therein as the president of the King's Mountain Mining Company, the remarks of Chief Justice DIXON, in *Hoyt* v. *Jones, supra,* are peculiarly appropriate. "If owners will omit to record their deeds,

and will keep their titles concealed, hoping thereby to bring others into difficulty and peril, it is time they were made to understand that the blow intended for the title of another may recoil upon and break and destroy their own."

This case also presents a striking illustration of one of the purposes of the rule, which is to put an end to the litigation and to give due effect to the judgments of the Courts. If the rule did not apply here, Curtin, by withholding his deed from the record, would have two opportunities of contesting Bason's title, or, in the words of PEARSON, C. J., he could " take two bites at the same cherry."

We are of the opinion, however, that, as to real property, there is but one rule of *lis pendens* in North Carolina, and that the provisions of *The Code* (§ 229) are a substitute for the common law rule. When the Court held, in the cases cited, that it was not necessary to file a formal notice of *lis pendens* when the action was pending in the county in which the land was situated, we do not understand that it intimated that two rules of *lis pendens*, varying in their extent and operation, prevailed in this State.

As BYNUM, J., in *Todd* v. *Outlaw, supra,* very justly remarks: " It would seem that the purpose of our statute was to assimilate the law of *lis pendens* to the registration laws and the docketing of judgments, and to produce consistency and certainty in the doctrine of constructive notice." This consistency can be secured by holding, as we do, that where the action is brought in the county where the land is situated, and the pleadings contain " the names of the parties, the object of the action, and the description of the property to be affected in that county," that this is a substantial compliance with *The Code,* § 229, as to the filing of notice, and puts in operation all of the provisions of the statute. There is no incongruity in thus holding, as the statute simply provides that the notice shall be filed with the Clerk, and the place of filing would naturally be with the pleadings in the action.

A contrary holding would produce much confusion and inconsistency, as, for example, under the common law rule, if the real estate to be affected by the judgment or decree were situated in several counties, it would all be bound by the *lis pendens* arising from the pendency of a suit in the county in which only a part of it lies, since " all persons are supposed to be attentive to what passes in Courts of Justice" (3 Atk., 392); whereas the plain purpose of the statute was to modify the rule so as to require notice in all counties where the real estate is situated.

Again, it is hardly probable, in view of the legislation in England and many of the United States, dictated by the demands of public convenience and necessity and commerce, that this important statute was only to apply in those rare instances where suits affecting real property were brought in counties in which the land was not situated.

The rule of *lis pendens* is often regarded as harsh in its operations, but it is universally admitted to be based upon public policy imperatively demanded by a necessity which can be met and overcome in no other manner. Freeman on Judgments, 191. Where, however, its rigors may be softened, and at the same time its advantages preserved, it is the duty of the Legislature to act, as it has done in this State, for the protection of purchasers and subsequent incumbrances.

3. The plaintiff further contends that even if the statutory rule applies, he is not concluded, as the complaint in the action against the King's Mountain Mining Company only alleged that the plaintiff Bason was entitled to the possession, and that as the deed in trust was recorded before the complaint was amended so as to charge ownership, there was no *lis pendens* as to the title until that time. There would be great force in this position (*Harkey* v. *Houston*, 65 N. C., 137), but for the answer of the defendant company, which was filed before the recording of the deed, and which put the title to the property in issue. *Falls* v. *Gamble*, 66 N. C., 455.

Our conclusion, therefore, is, that the plaintiff is concluded by the judgment in the action of *Bason* v. *The King's Mountain Mining Company,* and that for this reason he is not entitled to recover.

Affirmed.