M. G. DALRYMPLE v. T. W. COLE ET AL.

(Filed 27 April, 1921.)

1. **Appeal and Error—Issues—Assignment of Error.**

    Where the refusal of the trial judge to submit issues tendered is excepted to, these issues should be set out in the assignment of error for them to be considered on appeal.

2. **Issues—Forms—Matters in Controversy—Appeal and Error.**

    The form of the issues is a matter largely in the discretion of the trial judge, and those submitted by him will be sustained on appeal if they were sufficient to present all matters material to the controversy.

3. **Judgments—Pleadings—Lis Pendens—Estoppel.**

    The pleadings filed in a suit to enforce specific performance of the vendor's contract to convey lands, describing the lands, has the effect of "lis pendens" on a subsequent purchaser, giving him constructive notice at least; and thereupon he should intervene and assert whatever title he may claim, or he will be concluded by the judgment.

4. **Same—Supreme Court—Decisions in Other Actions.**

    Where a purchaser of lands is affected with notice of "lis pendens" in a suit brought to recover the lands, he is estopped by the judgment

therein. The principle announced in *Mayho v. Cotton*, 69 N. C., 289, is not called in question under the facts in the case at bar.

APPEAL by defendants C. M. Reeves *et al.* from *McElroy, J.*, at December Term, 1920, of MOORE.

This suit is to enforce specific performance of an option to convey land. The judgment on demurrer against the plaintiff by *Judge Cooke* at April Term, 1911, was reversed on appeal in this case, 156 N. C., 353; on appeal from *Judge Adams* at September Term, 1914, the judgment was affirmed with modifications asked by the plaintiff, 170 N. C., 102. New parties were ordered to be brought in pursuant to the ruling of the Supreme Court, and the order of *Judge Webb* thereon was made, and amended pleadings were filed, and the judgment was again affirmed. On the present trial before *Judge McElroy* the verdict of the jury finds, and the answer of the appealing defendants admits, that they became purchasers of the land in controversy (embraced in the option to the plaintiff, specific performance of which was decreed, from the original defendant, T. W. Cole, and his wife) after the bringing of the action and after filing the original complaint. The verdict of the jury further determined the amount due to the various mortgagees and lienors of the original defendant, T. W. Cole, and specific performance was decreed in favor of the plaintiff against all the new defendants, protecting the rights of the parties according to the findings of the jury. From the judgment thereon the defendants C. M. Reeves, K. R. Hoyle, Hugh Palmer, and R. P. Coble appealed.

*Geo. W. McNeill and U. L. Spence for plaintiff.*
*K. R. Hoyle and A. A. F. Seawell for defendants.*

CLARK, C. J. The defendants except for refusal to submit the issues tendered by them. These issues are not set out in the assignments of error, and therefore, upon the decisions of this Court, might be disregarded. We will say, however, that the form of the issues is a matter largely in the discretion of the court, and will be sustained if the issues submitted are sufficient to present all matters material to the controversy. Upon reference to the issues submitted by his Honor, twenty-five in number, we think that there was most ample opportunity to present every contention of the defendants, and that they were in fact fully presented on the trial. The second, fourth, and fifth exceptions are to refusal of nonsuit, and the sixth exception is a formal one to the judgment as signed. The only remaining assignment of error is the third, "To exclusion of evidence offered to prove that the money tendered by the plaintiff to the original defendant, T. W. Cole, pursuant to the contract introduced in the evidence, was not the money of the plaintiff but the money of another party."

The appellants alleged in their answer that the option, specific performance of which was decreed in favor of the plaintiff, was void as to appellants for the reason that "There was at the date of the execution of the said contract, docketed and alive and unpaid in Moore County a judgment in favor of Henry Williamson against T. W. Cole, the original defendant, for $65," in addition to the liens set up in the original complaint.

A careful consideration of the record and the contention of the parties presents but two questions for decision by this Court:

1. Did the existence of the docketed judgment of Henry Williamson for $65 at the time of the execution of option contract render it void as to the appellants?

2. Are the appellants estopped by the proceedings in this action against the original defendant, T. W. Cole, and the judgment rendered therein against him and the other defendants?

The first question was decided in favor of the plaintiff in *Dalrymple v. Cole,* 170 N. C., 102, and is the law of this case, and the appellants who bought into this action after it was brought and after the filing of the original complaint are estopped thereby. The defendants rely upon *Hall v. Dixon,* 174 N. C., 319, as having overruled that case, but in *Hall v. Dixon* it was held otherwise. But even if it had done so it could not have affected the appellants in this case, for the decision in 170 N. C. is the law of this case and binding upon the appellants who came into the case after the complaint herein was filed. The appellants had constructive knowledge, at least, of this action pending against T. W. Cole, and are held to have had understanding of the consequences of an adverse decree against Cole in that action. It was their duty to intervene in that action and defend their rights, and having failed to do so, they must abide by the decree against Cole. They bought into this controversy. They cannot, as Mr. Spence well says, "Take two bites at a cherry," quoting *Pearson, C. J.,* in *Hamlin v. Tucker,* 72 N. C., 503. They had one while Cole was defending the action, and now they are seeking another.

In *Badger v. Daniel,* 77 N. C., 253, in which the writer of this opinion was of counsel, and in which this was the sole point decided, *Mr. Justice Rodman* says: "It is held on grounds of public policy that 'a purchase made of property in actual litigation, *pendente lite,* for a valuable consideration, and without any express notice or implied in point of fact, affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the decree of judgment in the suit,'" citing 1 Story Eq. Jur., sec. 405. That case has been held authority in numerous citations thereto set out in the Anno. Ed., and the same principle has been stated also in *Baird v. Baird,* 62 N. C., 317; *Daniel*

*v. Hodges,* 87 N. C., 100; *Powell v. Dail,* 172 N. C., 261, and in many other cases. The matter is fully discussed by *Mr. Justice Allen* in the latter case. In *Collingwood v. Brown,* 106 N. C., 367, it was held that "When an action is brought in a county where the land is situate it is not necessary to file a formal *lis pendens,* the filing of the complaint, describing the property and stating the purpose of the action, being held sufficient." Adding that "There is but one rule of *lis pendens* in North Carolina, and the filing of the complaint brings into operation all the provisions of the statute." Indeed, the proposition that the appealing defendants are estopped by the former judgment in an action which had been brought and the complaint filed before they bought into the controversy is elementary law. The courts are not called upon to thrash over old straw, and the defendants, having had an opportunity to defend in this action prior to the judgment therein heretofore rendered, and not having done so, are estopped. "Not having spoken when they could have been heard, they should not speak now when they should keep silent."

However, we are not to be understood as calling in question the authority of *Mayho v. Cotton,* 69 N. C., 289, and the numerous cases since then in approval thereof, which are cited in the annotations to that case in the Anno. Ed., and the many other cases since which have followed it, nor as questioning the accuracy of the two previous decisions in this case. Unless the homestead is "allotted and occupied" the conveyance without the joinder of wife is valid except as to the dower interest. Const., Art. X, sec. 8; C. S., 729.

No error.